Judge Marshall
delivered the Opinion of the Court.
To an action of covenant, for alleged breach of warranty-in a conveyance of land, brought by Jesse Daniel against Henry Daniel, the latter pleaded various pleas, bringing into view several matters of account and set off between them.
At the September term, 1836, of the MontgomeryjCircuit Court, the cause, by consent, was referred to - Richard Apperson and L. Y. Millspaugh, or their umpire. And at the September term, 1836, the two arbitrators returned their award, as made under an order of the Court at its preceding March term, and therein awarded that Henry Daniel should pay to the plaintiff three hundred and fifty four dollars and seventy cents — the value of the lost land, with interest from the time of the eviction. For this amount a judgment was rendered, after various exceptions taken to the award by Henry Daniel, had been overruled; and the validity of the exceptions (to the overruling of which H. Daniel excepted,) presents the only point now to be considered.
One of these exceptions is, that the award was made without any such order as is recited in it. But as no order of the March term is shewn; as the order of the September term gave ample authority to the arbitrators, and as the parties in fact appeared before them and submitted the case as to the regularly constituted tribunal, the arbitrators must be considered as acting under and as intending to refer to the order of September, 1835, and the mere mistake in reciting the date of the order does not vitiate the award.
Of the other exceptions, three only seem' to require *94 notice: First'. It is objected “ that the case was decided by the umpire chosen by the arbitrators, they being diyided, and the award appears to have been made out by the arbitrators.” As the arbitrators have returned the award as their own, without the signature of the umpire, and without suggesting that one had been chosen or consulted, this exception implies either, that they not jn truth agree to the award returned, or that their ultimate agreement was improperly produced by referring the subject to a third person, under the name ° . J . oí an umpire, or that, upon their disagreement and cb0ice of an umpire, their power over the subject ceased, 11 * J and that any subsequent action upon it, should have been by the umpire alone and in his'name,
The authority of necessarily'S tormmated by their umpire,'and submitting the case to him;they may still make the award themselves if they can agree. But where arbiandrefenhe case to an umpire, decision, which the arbitrators re return ldaf their award, it cause it is not ward the sufficiently authai of the umpire, whose signature it should validity.
As to the last ground, we think there can be no difficulty. The order of reference prescribes no limitation as to the time within which the arbitrators shall act, and their power was not determined by any subsequent act 0f the Court. The mere fact of their disagreement at one time, did not determine their authority, bécause ra’S^lt uPon further reflection come to an agrecment, and as it has been decided, and we think correct-^pt they may nominate an umpire even before they proceed to consider the case, (2 Term Rep. 645,) the mere nomination of one does not, of course, exhaust their power. But, if the arbitrators did not agree m the award when it was made out, but returned it as their award, merely because it was the opinion or decision of the person chosen by them as umpire, it is not in fact their award; and it is no umpirage, because although it may convey the decision or opinion of the umpire, it is not authenticated as it should be, by the umpire and on his proper responsibility. The business of the umpire, like that of the arbitrators, is to decide the case and return his decision to the Court, and his action as umpire properly, commences when that of the arbitrators, as such, ceases. He does not act in his .character as umpire when he advises the arbitrators, and they do not act in theirs, when they return his decision, in which they do not agree, as their own. Even if it were admitted that they might consult the person whom they *95 had -chosen as umpire, for the purpose of information, they would have no right to give effect to his opinion, unless they really adopted it as their own, and were convinced of its correctness. It appears from the testimony of the arbitrators, who were examined without objection, that they had disagreed as to a material point on which the parties presented conflicting claims, and on which the result depended,and had thereupon named and umpire to whom, upon their own statement of the facts, in the absence and without the knowledge of the parties, they referred the question, and whose decision they adopted in making the award. They both say that he decided the question, and they then signed the award; and the plain inference is, that they signed the award, not because his decision had convinced either of them, or had reconciled their own opinions, but because it was the decision of the person chosen by them as umpire. In this we think they acted contrary to their duty. The parties had a right to the judgment and decision of the arbitrators themselves; or, if they could not finally agree upon the question in issue, they had a right to the decision of the umpire on his own proper responsibility; and the objection that the award is not the decision of the arbitrators who have returned it, but of the umpire who has not united in returning it, is, in our opinion, a good one, and should have been sustained. " ~
Where parties rerer a controversy and their umpire disagreeing, name parties the same right to indence and to heard, before the SSto^ntrodace evidence and be hoard before the arbitrators; and Resented "to award, it will not him by the arbitrators, the umpire, without notice to the parties, makes an he valid.
Second. The next exception is, “ that the umpire nevex heard the evidence, but decided the case upon the statement of the arbitrators, made m the absence of I-Ienry Daniel, in some secret place, unknown to him.” This exception, except so far as it implies any improper motive for the secrecy, is sustained by the proof. The umpire did not hear the oral nor see the documentary testimony, and the communications between him and the arbitrators, were without the knowledge of either party,
If the decision had been returned by the umpire as his own, his not having heard the evidence would, acccording to the cases of Falconer vs. Montgomery et al. 4 Dallas, 233, and Passmore vs. Pettit and Bayard, same, 271, *96 have been a fatal objection to the award; and such seems formerly to have been the doctrine in England, though it is now considered that the umpire may act upon the representation of the arbitrators, unless request-eel to re-examine the witness. (4 Term Rep. 589.) But this exception proves, what indeed could not with plausibility be denied, that the parties have a right to introduce their proof, and to be heard themselves before the umpire, as they have before the arbitrators. They must consequently be entitled to know when and where the umpire will take up the subject for examination and decision; and the objection that the means of such knowledge was not afforded, must be as fatal to an umpirage as it would be to an award.
The principle of the objection is, that the party is entitled to make out his case by .proof, at least, if not by argument also, before any tribunal which is to decide upon his rights. And as this case was in fact referred to the umpire by the arbitrators, upon their disagreement, and was in fact decided by him, the parties could not be deprived of the right of appearing before this final tribunal, because its decision, instead of being conveyed as it should have been, in the form of an umpirage made by the umpire, was conveyed in the form of an award by the arbitrators. It may be said that each side of the question on which the arbitrators differ, is represented when they carry the case privately before the umpire, and that it may therefore be presumed that the case has been fairly presented. But this is not the office of the arbitrators. They are chosen for their judgment and integrity; not for their powers of argument or persuasion. They can in no sense be considered as ' representing the parties.
We are of opinion, therefore, that in referring the case to the umpire, without the knowledge of the parties, and getting his decision, upon their own statement of the evidence, without giving the parties an opportunity to be heard before him, the arbitrators acted improperly. And as this impropriety would certainly have been a sufficient ground for setting.aside the umpirage if one had been made in form, it seems entitled to the same force *97 against the decision of the umpire, though returned by the arbitrators as an award.
Third. The remaining objection is that “a palpable mistake was made in failing to credit Henry Daniel with five hundred dollars, as per receipt filed, and the interest thereon.” We have stated this exception, uot so much with the view of deciding upon it as a separate objection to the award (which must be set aside on the grounds already noticed,) as because it presents the question on which the arbitrators disagreed, and shows that, if that question had been decided differently, nothing could have been awarded against the appellant, but a balance would have appeared in his favor. The question submitted to the umpire was, therefore, the turning point in the case; indeed, nothing else seems to have been seriously contested between the parties; and, in deciding that question, the umpire decided the whole controversy.
With regard to the credit referred to in this exception, it is very clear, upon the evidence contained in this record, that the appellant was entitled to have it regarded as so much paid on the particular note referred to in the receipt; but it does not appear certainly that this record contains all the evidence which was before the arbitrators; we therefore cannot say that, the failure to allow the credit as claimed by the appellant, if a mistake at all, was one of that character which should affect the award.
■ But as the two preceding exceptions are deemed sufficient to invalidate the award: therefore, for the error of overruling said exceptions and rendering judgment on the award, the judgment is reversed, and the cause remanded, with instructions to sustain the said exceptions, and set aside the award, and for further proceedings consistent with this opinion. -