CASE 81—ARBITRATION—AWARDS—OCTOBER 8.

## Royse's adm'r, &c., vs. McCall.

APPEAL FROM FLEMING CIRCUIT COURT.

1. A parol submission and award, not involving a controversy about title to land, may be good.
2. On a submission to two arbitrators, who, in case of disagreement, are authorized to choose an umpire, it is the duty of the arbitrators to make the award, and the umpire is only authorized to act when they disagree.
3. An award made under such submission, in which the arbitrators and umpire all acted together, and made the award just as if they had been all arbitrators, *will not be enforced.*

E. C. PHISTER,                                   For Appellants,

CITED—

15 *B. Mon.,* 445; *Smith vs. Fah.*

·W. H. Cord,                                    For Appellee,
                    CITED—
   6 *Dana*, 11; *Glassford vs. Shockey.*

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

After appellants' intestate had commenced proceedings for a forcible detainer, against appellee, of a small tract of land, they agreed, by parol, to submit the controversy about the land, and some money demands which they mutually claimed against each other, to the arbitrament and award of two gentlemen, each party to select one, who, in case they could not agree, were to choose an umpire.

The terms of submission were written out by Hull, the justice before whom the warrant for the forcible detainer was to be tried, but were not signed by the parties. They, however, selected the arbitrators, who then chose the umpire; and on a day fixed the parties, arbitrators, and umpire met, and proceeded with the trial, when appellee presented an account for six hundred and ninety-eight dollars and fifty cents against the intestate, the particulars of which are set out in a bill filed and copied in this record, and an award was finally made, requiring appellee to surrender peaceable possession of the premises on the first of November, 1865, and adjudging that Mrs. Royse should, at the same time, pay to him three hundred and seventy-one dollars.

This action was brought in equity to enforce that award. During the pendency of the action Mrs. Royse died; and it was revived against her personal representative; and a judgment having been rendered against him for the sum awarded by the arbitrators, he has appealed.

It is obvious that the matters in dispute between the parties were not within the jurisdiction of a jus-

tice of the peace, and, consequently, the submission cannot be under the statute. (*Sec.* 9, *chap.* 3, 1 *Revised Statutes*, 184.)

The reference and award must, therefore, be tested by common law principles. A parol submission and award, not involving a controversy about the title to land, may be good, and the question then arises, is this award good, tested by the principles of the common law?

By the terms of the agreement to refer their matters of controversy to arbitrators, as set forth in the petition, if the two arbitrators selected could not agree upon an award, they were to select a third person as umpire; but that selection was only to be made on condition that those persons whom the parties had chosen could not agree.

F. P. Sousley proves he was chosen as the umpire; that he assisted in adjusting the matters of difference between the parties, and aided in making the award, although the arbitrators did not disagree. From his statement, all three of them acted together, consulted, considered the evidence, interchanged opinions and views, and made the award, just as if they had all been chosen for the purpose; while Sousley's duty was to decide the controversy *only in the event that the other two could not agree.*

In this the arbitrators and umpire acted without authority. The parties had a right to the judgment and decision of the arbitrators themselves. Their reference was to them, and it was only in the event that they, after a faithful and honest effort to make an award, could not come to an agreement and adjust the matters, that the duty of the umpire was to begin. The parties then had a right to the decision of the umpire

alone, on his own responsibility, and such decision would have conformed to the agreement.

The conclusion which is to be made the judgment of the court, is neither the award of the chosen arbitrators nor the judgment of the umpire, and cannot, therefore, be enforced. To this effect is the ruling of this court in the case of *Daniel vs. Daniel*, 6 *Dana*, 93.

Wherefore, the judgment is *reversed*, and the cause is remanded for further proceedings consistent with this opinion.