CASE 9—PETITION ORDINARY—JAN. 12.

# Thomasson v. Risk, &c.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. AN AWARD MADE UNDER A PAROL SUBMISSION is enforceable under the General Statutes.

    At the common law any matter in controversy might be submitted by a parol agreement to arbitration, unless the arbitration attempted to divest the parties of some right or title to property that could only pass by a written agreement. This common-law rule has not been repealed by the Civil Code, or Revised Statutes, or General Statutes.

2. ARBITRATORS SIT AS A QUASI COURT, ETC.

    Arbitrators to whom a submission is made as provided in section 499 of the Civil Code, or in writing not noted or filed in court as provided in sections 3 and 4 of chapter 3 of the General Statutes, sit as a *quasi* court, may summon witnesses, compel their attendance, and punish for contempt by fine or imprisonment to the extent of justices of the peace, administer proper oaths to parties and witnesses, and preserve order, &c.

DUVALL & CHINN,  . . . . . . . . .  For Appellant,

CITED

General Statutes, chap. 3, p. 143.
Civil Code, sec. 499.

HORD & TRABUE,  . . . . . . . . . .  For Appellees,

CITED

Morse on Arbitration and Award, 50.
. Litt. Sel. Ca. 262, Evans v. McKinsey.
Revised Statutes, chap. 3.
General Statutes, chap, 3.
Civil Code, sec. 499.
3 Mon. 255, Logsdon v. Roberts's ex'rs.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The only question necessary to be considered in this case is whether, under the General Statutes, an award made upon a parol submission is enforceable.

Chapter 3 of the General Statutes provides that "all controversies which might be the subject of a suit or action may be submitted to the decision of one or more arbitrators, or two and their umpire."

Section 2 of the same chapter provides that the submission may be in the mode specified by the Civil Code, or it may be in writing, etc.

Section 3 provides the form of the covenant the parties may enter into for the purpose of referring the questions at issue to arbitration.

The only material difference between the General Statutes and the Revised Statutes on the subject of arbitration and awards is that under the Revised Statutes the parties were required to make the submission by an order or rule of court. If no action was pending in court the submission had to be made by a written agreement filed and noted on the record, or by an entry on the record stating what matters were submitted.

Section 499 of the Civil Code also requires that the submission, whether an action is pending or not, may be by rule of any court having jurisdiction of the subject-matter.

Under the General Statutes the submission may be as provided by section 499 of the Civil Code, or it may be in writing, the agreement stating the matters submitted and who are to be the arbitrators.

This agreement in writing is not now required to be noted of record or filed in any court. The arbitrators may proceed to act as required by section 4 of chapter 3, and when their award is made in writing, as provided by section 5 of the same chapter, either party may maintain an action against the other for failing to perform the award. The arbitrators have also

the same powers, where the agreement to submit in writing is made, as if the arbitration or the agreement to arbitrate was under a rule of court. They may summon witnesses, compel their attendance, and punish for contempt by fine or imprisonment to the extent of justices of the peace; may also administer proper oaths to parties or witnesses. At the common law any matter of controversy might be submitted by a parol agreement to arbitration, unless the arbitration attempted to divest the parties of some right or title to property that could only pass by a written agreement. The object of the statute is not to repeal the common-law rule, but to afford to parties, when they see proper to adopt it, a more certain and adequate remedy for the adjustment of controversies. The submission is required to be by an order of court or in writing, stating the matters submitted and naming the arbitrators, before the latter can act as a *quasi* judicial tribunal, clothed with the power to administer oaths and compel the attendance of witnesses. The statute is that parties may submit controversies to arbitration by rule of court, or may make the submission in writing, and no language is to be found in any of its provisions, either expressly or by implication, repealing this common-law right.

It was held by the court, in the case of Logsdon v. Roberts's executors (3 Monroe, 256), that the act of 1798 concerning awards did not alter the common-law rule on the subject.

A like decision was made under the Revised Statutes in the case of Overly's executors v. Overly's devisees (1 Met. 119), and in the still later case of Royse, administrator v. McCall (5 Bush, 697).

The court below acted properly in refusing to instruct the jury to disregard the award made by the arbitrators under the parol submission of the parties.

Perceiving no error to the prejudice of appellant, the judgment is affirmed.