ALLIANCE MILLING COMPANY V. EATON, GUINAN & CO. ET AL.

No. 92.

86 401
89 180
e91 92
91 641

## 1. Assent of Beneficiaries—Assignment.

A general assignment, made in accordance with the statute in this State regulating such assignments, is valid without the assent of creditors; but this is by force of the statute..................................... 404

## 2. Deed of Trust—Chattel Mortgage.

A conveyance by a mercantile firm of its stock to a trustee, he to take possession and sell off the property assigned to satisfy the claims of a number of the creditors of the firm, to pay expenses of the trust and commissions to the trustee, and to return the remainder to the grantors, is but a mortgage with power to sell; nor is its character changed by the trustee taking possession..................................... 404

## 3. Same—Assent of Beneficiary Necessary.

In deed of trust to secure creditors, the assignor, trustee, and creditors, parties to such instrument, are bound by contract or not at all. Assent of parties to be bound by a contract is essential. It is clear that no assent of assignor or trustee, or of both, can bind creditors unless authority to act for them exists ..................................... 406

## 4. Same—Case in Judgment.

A mercantile firm executed to a trustee a conveyance of their stock, and delivered possession. By the conveyance the trustee was to sell of the stock sufficient to pay the claims of certain named creditors, costs of the trust, and commissions to trustee, and the residue was to be returned to the grantors. The beneficiaries knew nothing of the transaction, and had not assented to it before an attachment by another creditor was levied upon the stock. *Held*, that the assent of the beneficiaries was necessary to the validity of the conveyance as against the attachment. 407

## 5. Gift in Trust—Assignment for Creditors.

A gift or voluntary conveyance of property in trust, when fully executed, is valid, and will be enforced against all persons except creditors or bona fide purchasers, even though the beneficiary may not have been in existence at the time, or if in existence, may not have known of or assented to the conveyance. The difference between such trusts and trusts arising from assignments to trustees for benefit of creditors is obvious and substantial. In the one case the transaction is a gift involving on part of the donee no surrender of existing right; while in the other the creditor may, and most frequently will, be compelled to surrender rights more or less valuable if by force of law or his own assent the assignment be made binding on him.................... 408, 409

## 6. Assignment—Mortgage.

By assignment title passes to the trustee; while a mortgage does not pass title, even though power to sell the mortgaged property may thereby be conferred on the mortgagee or a third person, whereby the lien given may be enforced......................................... 410

## 7. Mortgage—Consent of Parties.

The existence or nonexistence of a mortgage contract must depend on principles applicable to other contracts, and to their existence assent of parties is essential. ........................................... 410

**8. Assent of Parties.**

> To hold that deliverance to and acceptance by the person on whom the power to sell is conferred will bind the beneficiaries named in such an instrument, in the absence of some prior agreement, is to hold that one person may be bound by the act of another not authorized by him.... 411

Error to Court of Civil Appeals for Third District, in an appeal from McLennan County.

*Scarborough & Hicks*, for plaintiff in error.—The court erred in his second conclusion of law, in holding that "the want of knowledge and acceptance by the defendants, Niggeman & Sayers, J. K. Armsby & Co., N. K. Fairbank & Co., and Kehlor Bros. (viz., J. B. M. Kehlor), of the deed of trust executed by Eaton, Guinan & Co. to John F. Marshall, trustee, as alleged in plaintiff's petition, before the levy of plaintiff's writ of attachment on the property conveyed and described in said deed of trust, did not affect the rights under said deed of trust of any of the beneficiaries therein named." The deed of trust in this case being nothing more nor less than a chattel mortgage, which did not pass title, and which could not take effect until the beneficiaries named in it had consented to accept it, the court erred in refusing to adjudge appellant's attachment lien superior to the mortgage liens of those beneficiaries who had no knowledge of the execution of said deed of trust and had not accepted it before the levy of appellant's attachment on the property described in it.

"An interlocutory judgment by default establishes, as against the party in default, the facts properly alleged by the plaintiff, and when the case is ready for final disposition, authorizes the entry against him of such judgment as the facts alleged warrant." Boles v. Linthicum, 48 Texas, 223; Niblett v. Shelton, 28 Texas, 551; Shornick v. Bennett, 77 Texas, 245.

A deed of trust is but a mere mortgage with power of sale, and does not pass title. McLane v. Paschall, 47 Texas, 369; Blackwell v. Barnett, 52 Texas, 333.

A mortgage, like any other contract, requires the consent of the mortgagor and mortgagee, and it must be consummated by delivery. Without these there is no mortgage, but only an attempt at one, or proposition to make one. And delivery of a contract includes acceptance of it by the grantee or obligee. Wallis v. Taylor, 67 Texas, 434; Welch v. Sackett, 12 Wis., 270; Cobb v. Chase, 54 Iowa, 253; Barr. on Bills of Sale and Chat. Mort., 325; Jones on Chat. Mort., secs. 104, 113.

*Clark & Bolinger*, *John L. Dyer*, and *Williams & Evans*, for defendants in error.—When Eaton, Guinan & Co. made a deed of trust conveying the property therein named to John F. Marshall, trustee, to secure the

indebtedness of the defendants, Niggeman & Sayers, Kehlor Bros., N. K. Fairbank, and J. K. Armsby & Co., and other creditors, and delivered said deed of trust to said trustee, John F. Marshall, his acceptance of said deed of trust was an acceptance for the said creditors secured under the deed of trust, and redounded to their benefit, though they had no knowledge of the deed of trust when it was given and accepted by the trustee, Marshall; and nothing but a showing of a renunciation on the part of the defendants, as secured creditors, would be availing to plaintiff. In short, the acceptance of the trust by the trustee, Marshall, was an acceptance for the creditors secured under the deed of trust. Wallis v. Beauchamp, 15 Texas, 306; Montgomery v. Culton, 18 Texas, 747; McMahan v. Harbert, 35 Texas, 460; Furman v. Fisher, 94 Am. Dec., 212; Marbury v. Brooks, 7 Wheat., 576; Marbury v. Brooks, 11 Wheat; 78; Ingram v. Kirkpatrick, 51 Am. Dec., 436; Nichols v. Mumford, 4 Johns. Ch., 136; Field v. Arrowsmith, 39 Am. Dec., 185; Bank v. Ridenour, 27 Pac. Rep., 150; Bank v. Marshall, 1 Texas Civ. App., 704.

STAYTON, CHIEF JUSTICE.—The firm of Eaton, Guinan & Co., merchants, executed a deed of trust on their property to John F. Marshall, which gave him power, in the usual course of trade, to sell so much of the property as was necessary, for cash, to raise money to pay the indebtedness of Eaton, Guinan & Co. to four other firms named in the trust deed, and to pay to himself 2½ per cent commission on amount realized by sales, besides other expenses of executing the trust, as well as the rent of the store house in which the business was conducted; after which the residue of the property was to be returned to Eaton, Guinan & Co., and the trust deed to be no longer operative.

Marshall immediately took possession of the property named in the trust deed, and two days afterwards plaintiff in error, also a creditor of Eaton, Guinan & Co., brought an action against them, and sued out a writ of attachment, which was levied on the property covered by the trust deed.

Marshall and the creditors Eaton, Guinan & Co. intended to secure by the trust deed were also made parties to the action.

The finding of the trial court and Court of Civil Appeals is understood to be, that at the time attachment sued out by plaintiff in error was levied, the creditors of Eaton, Guinan & Co. for whose benefit the trust deed was intended, had no knowledge of its execution, and had not then in any manner assented to it.

On trial, judgment was rendered in favor of plaintiff against Eaton, Guinan & Co. for $1674.90, and foreclosing the attachment lien, subject to the rights of creditors for whose benefit trust deed was intended; and the trustee was directed to satisfy that " judgment as far as possible out of any funds that may remain in his hands as the proceeds of said

property, after satisfying the debts and claims secured by said deed of trust, and which are therein named," but costs were given against plaintiff.

The trial court and Court of Civil Appeals held, that " it was not necessary that the beneficiaries of the deed of trust should accept thereunder before the levy of plaintiff's attachment, in order to give it effect superior to the attachment lien. The trust was at once accepted by the trustee, and in the absence of repudiation by the beneficiaries, his acceptance would enure to their benefit."

Other questions were raised on appeal and presented in application for writ of error, but the view taken of that presented by the ruling above shown renders consideration of them unnecessary.

The instrument in question did not constitute an assignment, either general or special, for the benefit of some or all of the creditors of its makers; but was, in effect, only a mortgage with power to sell, to secure creditors named in it; and if all creditors named in it had assented to it at the time of its execution, no other effect could be given to it.

A general assignment, made in accordance with the statute in force in this State regulating such assignments, is valid without the assent of creditors; but this is by force of the statute.

Such was the ruling in Shattuck v. Freeman, 1 Metcalf, 13, and of the correctness of that ruling there can be no doubt.

There are decisions, on assignments not made under statutes, holding that assent of creditors to a general assignment for the equal benefit of all creditors, which do not require releases nor necessarily delay any of the creditors for an unreasonable time, will be presumed unless the contrary be shown; and decisions may be found holding that the same presumption will be indulged when assignment is for benefit of a part only of the assignor's creditors.

Such decisions, however, can not be looked to as authority for the proposition that assent of creditors is not necessary; for they carry the implication that it is, and indulge the presumption of assent on the theory that men will ordinarily assent to such acts as are beneficial to them, but indulge it only in absence of proof to the contrary.

In Halsey v. Whitney, 4 Mason, 215, it appears to have been held that express assent of creditor would operate "retroactively to confirm the conveyance ab initio," whereby the right of intervening attachment creditor would be defeated, while other decisions hold to the contrary.

The English rule in reference to such assignment is thus stated: "If a debtor convey property in trust for creditors, to whom the conveyance is not communicated, and the creditors are not in any manner privy to the conveyance, the conveyance operates only as a power to the trustee, which is revocable by the debtor, and is the same as if he had given money to an agent to pay his creditors to whom no communication had been made. The deed, therefore, * * * until third persons had

agreed or assented to it, or at least had it communicated to them (if, indeed, that would be sufficient), was a mere revocable transfer." Smith v. Keating, 6 M. Gr. & Scott, 158.

The same rule is applied in Massachusetts to assignments for benefit of creditors which are not made in pursuance of statute; and until assent of creditor be given in some manner, it is held that property in hands of an assignee is subject to attachment by creditors of the assignor. Iron Works v. Croade, 15 Pick., 15; Russell v. Woodward, 10 Pick., 407; May v. Wannemacher, 111 Mass., 207; Swan v. Crafts, 124 Mass., 445; Pierce v. O'Brien, 129 Mass., 314.

These decisions were made before the enactment of the statute regulating general assignments in that State, or since its repeal, as will be seen from the opinions, which all held that assent of the creditor is necessary to their validity, and that this will not be presumed.

There are other decisions holding that assent of creditors is necessary, and will not be presumed, when assignment is made directly to them; and still others which hold that assent of creditors is not necessary, even though the assignment be to a trustee for their benefit.

We have no intention in this case to consider the different holdings, or to announce a rule applicable to questions here suggested, and growing out of assignments to trustees for benefit of creditors, not made under statute; but as it has been sometimes thought that they bear a close analogy to mortgages with power of sale, it may not be improper to ascertain on what ground rests the proposition that assent of creditors is not necessary to give validity to an assignment to a trustee for their benefit, even as against attaching creditors.

The cases which hold that a creditor will be presumed to assent to such an assignment as is manifestly for his benefit, only assert a rule of evidence, for they leave the presumption open to rebuttal, and thus concede necessity for contract between the assignor and creditor.

The decisions which hold assent of the creditor essential, and refuse to presume it, establish a different rule of evidence; but they also emphasize the necessity for contract between assignor and creditor, as do those decisions which hold assent of the creditors necessary, and refuse to presume it from the fact that a beneficial assignment is made directly to him.

Under these classes of decisions all the essentials of contract must exist between an assignor and a creditor, which involves not only the agreement of parties, express or to be implied from conduct, but also the existence of sufficient consideration.

All these classes of decisions negative the sufficiency of the assent of the assignee, or even his actual acceptance of the trust, to bind the creditor.

If the same rule could be applied to the mortgage in question which, under the decisions referred to, may be applied to assignments for benefit

of creditors, then the rule applied by the Court of Civil Appeals and by the trial court can not be sustained; for both courts held, that assent of creditors was not necessary, and that acceptance by the trustee was sufficient to bind creditors, although the beneficiaries named in the mortgage were ignorant of its existence at the time attachment was levied.

The American decisions holding that assent of creditors is not necessary to bind them by an assignment made for their benefit, and that the acceptance of the trustee is sufficient, are not numerous, although many are cited by elementary writers as sustaining that proposition.

Among those sometimes cited for that purpose are the following: Brashear v. West, 7 Peters, 613; Tompkins v. Wheeler, 16 Peters, 118; Marbury v. Brooks, 7 Wheaton, 556; same case, 11 Wheaton, 78; but in view of the facts and questions involved in each case, such is not the effect of these decisions.

The following decisions, however, are understood to so hold: Nicoll v. Mumford, 4 Johns. Ch., 529; Halsey v. Whitney, 4 Mason, 206; Houston v. Newland, 7 Gill & J., 480; Forbes v. Scammell, 13 Cal., 288; Cunningham v. Freeborn, 11 Wend., 250.

The grounds on which these decisions are based are, that by such conveyances the legal title passes to and vests in the assignee or trustee, and that a court of chancery will compel the execution of the trust for benefit of creditors, although they may not have assented to the conveyance.

There can be no doubt that under such conveyance title vests in the trustee, and that his acceptance of the trust is a sufficient consideration, as between the assignee and himself, to support it; and it has never been held necessary to give validity to such a conveyance, and to secure right to creditors, that they should actually be parties to it or assent to it at the time of its execution. But can it be said that creditors become entitled to take benefit under it in the absence of contract, express or to be implied from conduct, to be bound by it?

All courts hold that they may repudiate it, and so long as the right to do this exists it is difficult to avoid the conclusion reached by the English courts, that the conveyance is revocable until assented to by creditors.

In considering such a question, the inquiry necessarily arises, what is it that binds assignor, trustee, and creditors? To this there can be but one answer: They are bound by contract, or not at all. Assent of parties to be bound by a contract is essential to its existence, and it is clear that no assent of assignor or assignee, or of both, can bind creditors unless authority to act from them exists.

Such a contract is valid between assignor and assignee when they assent to it, and because they assent to it; and to hold creditors bound when they have not thus incurred obligation is to disregard the fundamental principles on which such obligation rests.

One reason for holding assent of creditors necessary, and for refusing

to presume this when property is assigned directly to them, is because, in such case, the burden of executing the trust is imposed upon them, which can not be done without their consent, even though the instrument make provision for compensating them.

This is not the only reason, however; for such assignments, in common with those made to trustees, necessarily involve on the part of creditors surrender of right to enforce payment of sums due them through sale of debtor's property under legal process. Sometimes this may be more advantageous and less expensive than sale through trustee under the terms of the instrument.

Can a creditor be compelled to surrender such a right without his consent, even as to property conveyed to a trusee, unless the assignment be under a statute?

A general assignment may enumerate the debts to be paid, and some of these may be such as could not be enforced against the debtor or against his property in a contest with other creditors; but if the assent of creditors be not necessary to the validity of such a conveyance, such claims must be paid, or other creditors must refuse to take under it, and institute proceedings to set it aside or hostile to it.

That a creditor has the right to institute such proceedings would seem to be conclusive that he is not bound unless by his own assent.

If such a conveyance is binding on creditors, without reference to their assent, no place is left for election, which implies power and right to assent or dissent.

" When a debtor voluntarily assigns property for the security and benefit of creditors, if the creditors choose to accept the assignment, they must abide by its terms and provisions; they must take it as an entirety; they can not accept in part and repudiate in part. Perry on Trusts, sec. 596; Burr. on Ass., 3 ed., sec. 479. The creditor may have rights with which the assignment, so far as it confers rights upon others, is inconsistent. The assignment may derogate from instead of extending to him the measure of right to which he is entitled. If that be true, he must elect whether he will accept the assignment or whether he will reject it, and stand upon the right he may have independent of it. He cannot elect to claim under the assignment the right given by it, and repudiate it so far as it passes rights to others which are inconsistent with independent, distinct rights to which he may be entitled." Hatchitt v. Blanton, 72 Ala., 433; Frierson v. Branch, 30 Ark., 453; Pratt v. Adams, 7 Paige Ch., 641.

No decision made by this court supports the proposition that assent of creditors is not necessary to the validity of assignments for their benefit.

In Baldwin v. Peet, 22 Texas, 722, it was said, that " The American decisions hold that the assent of creditors to a general assignment will be presumed, so as to give it effect, although they may know nothing of it when it is made;" but there was no intimation that this presumption was

other than one of fact, to be indulged in the absence of evidence to the contrary.

The case of Wallis v. Beauchamp, 15 Texas, 303, involved no such question. The question in that case was whether certain property bought from Joseph Wallis by John C. Wallis was subject to a trust in the latter's hands for the payment of his vendor's debts, in consequence of an assignment made at the time of the purchase. The property was held to be subject to the trust, and it was said: "It may be the trust was unknown to the creditor in this case, at the time of its creation, yet that would not deprive him of the right of its benefits. When a trust is created for the benefit of a third person, although without his knowledge, he may afterwards affirm it and enforce the execution of it in his favor; at least if not in the intermediate time revoked by the person who created the trust."

The case of Montgomery v. Culton, 18 Texas, 736, involved practically the same question, and it was decided the same way; and the case of McMahan v. Harbert, 35 Texas, 460, without having a case before it, approved the ruling made in Montgomery v. Culton.

The great weight of American authority makes assent of some of the creditors essential to the validity of assignment for their benefit, and recognizes the rule, that such assent may be presumed in the absence of evidence to the contrary, if the instrument entitles all to share pro rata, and imposes no terms which will deprive creditors of some material right.

There is a class of trusts, however, in reference to which it is held by the English and American courts, that assent of beneficiaries is not essential to the full vestiture of legal title in the trustee and equitable title in the beneficiary; and that where so vested it will continue, in the absence of repudiation by the beneficiary, which in such cases is held to operate a retrocession of the equitable right to the creator of the trust.

A gift or voluntary conveyance of property in trust, where fully completed and executed, is valid, and will be enforced against all persons, except creditors or bona fide purchasers, even though the beneficiary may not have been in existence at the time, or if in existence, may not have known of or assented to the conveyance.

Such has been recognized to have been the law in England for more than two centuries. Thompson v. Leade, 2 Ventris, 198; Siggers v. Evans, 5 El. & B., 380; Newton v. Askew, 11 Beavan, 150; Standing v. Bowring, 31 Ch. Div., 282; Paterson v. Murphy, 11 Hare, 88; Ellison v. Ellison, 6 Vesey, 656; Kickenich v. Manning, 1 De G., Macnachten & Gordon, 175.

The same rule, as to such trusts, is sustained by the American courts; and even by those which hold assent of creditors necessary to validity of assignments made for their benefit, and refuse to presume it. Viney v. Abbott, 109 Mass., 300; Sewall v. Roberts, 115 Mass., 272; Stone v. Hack-

ett, 12 Gray, 230; Sargent v. Baldwin, 60 Vt., 17; Martin v. Funk, 75 N. Y., 134; Garner v. Life Ins. Co., 110 N. Y., 266; Light v. Scott, 88 Ill., 239; Gulick v. Gulick, 39 N. J. Eq., 401.

In case last cited it was said: "If a voluntary trust, in which the settlor has reserved no power of revocation, is once perfectly created, and the relation of trustee and cestui que trust is once established, it will be enforced, though the settlor has destroyed the deed, or has attempted to revoke it by making a second voluntary settlement of the same property, or if the estate, by some accident, becomes revested in the settlor. In all these cases, the first perfectly created trust will be upheld, with all its consequences, and the settlor will be declared to be a trustee; nor is notice to the cestui que trust or to the trustee, and acceptance by him, essential to the validity of voluntary trust, if it is otherwise perfectly created. Perry on Trusts, secs. 104, 105; Isham v. Railway, 3 Stock., 227; 2 Spence's Eq. Jur., 881, 882."

Some of the expressions in Marbury v. Brooks would be applicable to this class of trusts, but evidently was not called for in that case; for before attachments were levied one or more of the creditors had knowledge of the assignment, and had accepted under it, and on the faith of it the trustee had advanced money.

The difference between such trusts and trusts arising from assignments to trustees for benefit of creditors is obvious and substantial.

In the one case the transaction is a gift, involving on the part of the donee no surrender of any existing right whatever; while in the other, the creditor may, and most frequently will be compelled to, surrender right more or less valuable, if by force of law or his own assent the assignment be made binding upon him.

In the one case necessity for consideration or contract between donor and donee does not exist; while in the other the trust and right to receive benefit can not become complete without contract actually made or to be implied from conduct.

"In case of a voluntary declaration, the obvious inference is, that it is made for the benefit of the persons in whom the maker of the declaration means thereby for the first time to create an interest in the property to which it relates. A provision for payment of the debts of the party making the declaration is wholly different in its nature. The trustee of the property of the settlor which is directed to be applied in payment of debts may be regarded as standing in the position of a steward or agent of the debtor, whose duty it is to satisfy the debts according to the directions which he may receive, and hand over the balance to his principal." 11 Hare, 92.

The instrument in question, however, was not an assignment for benefit of creditors, but was simply a mortgage with power to sell. Wootton v. Wheeler, 22 Texas, 338; McLane v. Paschal, 47 Texas, 365; Blackwell v.

Barnett, 52 Texas, 333; Stiles v. Hill, 62 Texas, 430; Jackson v. Harby, 65 Texas, 715; Watterman v. Silberberg, 67 Texas, 103; Hudson v. Elevator Co., 79 Texas, 407; Willis v. Thompson, 85 Texas, 301; Jones on Chat. Mort., 352; Jones on Mort., 62, 1769.

By assignment title passes to the trustee; while mortgage does not pass title, even though power to sell the mortgaged property may thereby be conferred on the mortgagee or a third person, whereby the lien given may be enforced.

Any other conclusion as to the effect to be given to a mortgage with power to sell would have rendered the conclusion reached in Robertson v. Paul, and in other cases following that, wholly inadmissible.

By the exercise of a power thus conferred, title of a mortgagor may be divested and passed to a purchaser, but the person who exercises such a power, having no title himself, must be deemed, in so far, the agent of the mortgagor; although under obligation to exercise the utmost good faith and fair dealing towards creditors intended to be secured, for whom he may be deemed a trustee as to funds received for sale of mortgaged property.

He is under no obligations to undertake to exercise the power, and his refusal will not invalidate the mortgage; but his acceptance of such an agency, which is his true relation to the mortgagor, can not render unnecessary the acceptance of the mortgage by mortgagee.

The existence or nonexistence of a mortgage contract must depend on principles applicable to other contracts, and to their existence assent of parties is essential. Wallis, Landes & Co. v. Taylor, 67 Texas, 431; Tuttle v. Turner, 28 Texas, 773; Hubbard v. Cox, 76 Texas, 242; Dikes v. Miller, 24 Texas, 423; Welch v. Sackett, 12 Wis., 256; Day v. Griffith, 15 Iowa, 104; Dole v. Bodman, 3 Metc., 139; Goodsell v. Stinson, 7 Blackf., 437; Oxnard v. Blake, 45 Me., 602; Foster v. Perkins, 42 Me., 168; Jewett v. Preston, 27 Me., 404; Johnson v. Farley, 45 N. H., 509; Woodbury v. Fisher, 20 Ind., 387; Johnson v. Phipps, 12 Johns., 421; Jackson v. Bodle, 20 Johns., 187; Hulick v. Scovil, 4 Gilm., 175; Young v. Guilbeau, 3 Wall., 641; Parmelee v. Simpson, 5 Wall., 86; Thompson v. Jackson, 10 Bush, 429; Bell v. Bank, 11 Bush, 619.

This was expressly held in Wallis v. Taylor; and the only difference between that case and this is, that in this the instrument confers power on a third person to sell the mortgaged property and apply the proceeds as therein directed, while in the former case the power was to be exercised by the creditors named.

Both instruments would have created mortgages if consummated, and to hold that the assent of the real parties in interest was not essential in the one case and essential in the other, would be to disregard substance and give effect to form.

To hold that delivery to and acceptance by the person on whom power

to sell is conferred will bind the beneficiaries named in such an instrument, in the absence of some prior agreement, is to hold that one person may be bound by the act of another not authorized to act for him.

There are some decisions, however, which seem to hold that assent of mortgagee is not essential. Among them are the following: Merrills v. Smith, 18 Conn., 257; Ensworth v. King, 50 Mo., 477; Furman v. Fisher, 94 Am. Dec., 210; Bank v. Ridenour, 27 Pac. Rep., 154.

In Merrills v. Smith it appears that Swift signed a mortgage to secure a debt due to Merrills, in the absence of and without the knowledge or consent of the latter, which was delivered to an attorney for his benefit. After this, and before Merrills had knowledge of the existence of the paper, another creditor of Swift caused attachment to be levied on the property. It was not claimed that the paper was signed and delivered to the attorney in pursuance of any prior understanding, nor that the attorney was authorized to represent Merrills.

The court, however, while recognizing that delivery and acceptance were essential to the validity of every deed, and that there could be no delivery without acceptance, held "that neither the presence of the grantee, nor his previous authority to a third person to receive it on his behalf, nor his subsequent express assent to it, is necessary to make the delivery of a deed valid. When there is no such previous authority to receive it, his assent is presumed when the deed is beneficial to him, although his dissent may be shown, and the deed thereby rendered ineffectual."

Such a rule may have application in class of cases before noticed, but it seems to us wholly inapplicable to mortgages.

As before said, mortgages rest on contracts—contracts between mortgagors and mortgagees; and so long as one has right to refuse the security on terms offered, the other is not bound.

The reasons suggested why assent of creditors to assignments would seem to be necessary to their validity, apply with more force to mortgages such as that in question.

The case of Bank of California v. Marshall, 1 Texas Civil Appeals, 704, grew out of the same instrument involved in this; but the question presented to the Court of Civil Appeals in that case was whether the transaction was fraudulent.

From the agreed statement on which that case was tried, we do not see that the question was raised, but in the course of the opinion the court said: "The trustee accepted the terms of the trust, and in the absence of a repudiation of its terms by the beneficiaries, his acceptance will enure to their benefit."

On application here for writ of error no such question was presented or considered.

In view of the finding before referred to, the judgment of the Court of

Civil Appeals and of the District Court will be reversed; but as the record stands it is believed that a proper judgment could not be rendered that would fully and correctly determine the rights of all parties, the case will be remanded to the District Court for further proceedings not inconsistent with this opinion.

It is so ordered.

*Reversed and remanded.*

Delivered February 8, 1894.