## Sea v. Larimore, et al.

(Decided November 14, 1924.)

### Appeal from Anderson Circuit Court.

1. Arbitration and Award—Failure of Award to State that Arbitrators Disagreed and Umpire Made Award Held Not to Invalidate it.—Failure of written award to state that arbitrators disagreed and that award was made by umpire held not to invalidate it.

2. Arbitration and Award—Award by Umpire Alone Not Invalid Because also Subscribed by Arbitrators.—If award was by umpire alone, and was in other respects regular, joining of arbitrators with umpire in subscribing thereto held not to render it bad.

3. Arbitration and Award—Joinder of Arbitrators with Umpire in Signing Award by Him Alone Held Surplusage.—Where arbitrators joined with umpire in signing award, made by him alone, their joining may be rejected as surplusage.

4. Arbitration and Award—Umpire Must Form Independent Judgment, Where Arbitrators Disagree.—When arbitrators cannot agree and umpire is chosen, it is latter's duty to form his own independent judgment and award as if he were sole arbitrator, and original arbitrators should not participate after they disagree, or join with umpire in award.

5. Arbitration and Award—Presumption that Arbitrators Signing with Umpire Joined in Award Not Indulged, where Petition Averred that Award was by Umpire Alone.—Where petition averred that award was made by umpire alone, and that arbitrator signed to indicate that he was a member of board which disagreed as shown by recital therein, presumption that it was joint award of arbitrators and umpire was not indulged.

6. Arbitration and Award—Petition Declaring on Award Held to State Cause of Action.—Petition declaring on award of umpire on claims growing out of partnership for sale of tobacco held to state cause of action.

7. Arbitration and Award—Petitioner Held Not Entitled to have Arbitrators and Umpire Reassemble to Amend Award.—Where arbitrators disagreed and award was by umpire alone, though one arbitrator signed with him, petitioner was not entitled to have umpire and arbitrators reassembled to amend award, since, had both arbitrators signed under Kentucky Statutes, section 72, it would only have evidenced fact of their disagreement, and that award was by umpire alone.

8. Appeal and Error—Questions Not Pressed or Relied on Held Waived.—Objections to jurisdiction and ruling on motion to quash which are not pressed or relied on in supreme court are waived.

FULTON & FULTON for appellants.

J. W. GAINES and NAT W. HALSTEAD for appellees.

Opinion of the Court by Chief Justice Sampson— Reversing.

Appellant, Sea, and appellee, Holt, with two other men formed a partnership under the firm name of A. L. Holt & Company, for the purpose of engaging in the purchase and sale of tobacco for profit, each furnishing a part of the net profit in returns. After conducting the business for some time Holt and Sea got into a controversy concerning the proceeds of the business and were about to have a lawsuit. Finally it was agreed that the controversy be submitted to arbitration, each one of the parties selecting an arbiter and the two thus selected, if they fail to agree, to select an umpire, unless the parties to the agreement should select such umpire. After reciting the facts with respect to the controversy the written agreement reads:

"Now Therefore, in order that a final settlement may be arrived at as inexpensively and as expeditiously as possible, it is agreed by and between the said A. L. Holt and the said J. A. Sea that they will and do hereby agree to an arbitration of their respective claims growing out of the transactions named in the premises under the following terms and conditions, to-wit: They select and agree upon Mr. J. L. Larimore, of Louisville, Kentucky, and Mr. J. L. Sherwood, of Lawrenceburg, Kentucky, the said Larimore being chosen by the said Holt and the said

Sherwood by the said Sea, to meet at Lawrenceburg, Anderson county, Kentucky, at some time to be fixed by them, and then to hear the parties and the proof touching all and several the claims of the said Sea and the said Holt, and to determine and fix by their judgment the relative rights of the parties hereto and to award to them and each of them, or to either of them, such money in judgment as to them shall appear proper. And the said arbitrators shall be the sole judges of the law and facts involved and shall make and enter such orders for the enforcement of their judgment as may appear to them proper in the premises.

"And if the said Larimore and the said Sherwood should not be able to arrive at a complete award and settlement herein, then they shall select an umpire, who in turn shall hear the parties and the proof and thereupon shall make such judgment, award and orders as the said arbitrators are herein empowered to make.

"PROVIDED, that said arbitrators shall not select an umpire as hereinbefore provided until the said A. L. Holt and the said J. A. Sea, who hereby reserve the right to select such umpire, shall fail or refuse to select and agree upon such umpire. Each of the parties hereto agrees to pay his arbitrator for his services and the expenses by such arbitrator expended, and if an umpire shall be required, each of the parties hereto agree to pay one-half of the fee for his services and one-half of his expenses.

"IN WITNESS WHEREOF, the parties hereto have hereunto subscribed their names, the date first above written.

"J. A. SEA,
"A. L. HOLT."

The case was regularly set for hearing and the parties appeared and produced their proof. The arbitrators selected were unable to agree. The parties to the arbitration were unable to agree upon an umpire, so the arbitrators selected Mr. Lillard as umpire and he accepted and entered upon the performance of his duties, sitting with the arbitrators through the hearing. At the conclusion of the hearing an award in writing was made, giving to appellant, J. A. Sea, the sum of $5,518.70, and ordering it to be forthwith paid by appellee Holt. This

award was signed, "J. L. Sherwood; R. H. Lillard, Umpire." Larimore declined to sign the award. Holt refused to pay the award, and this suit was commenced in the Anderson circuit court against him, H. T. Larimore, R. H. Lillard and J. H. Sherwood, praying that the arbitrators, Sherwood and Larimore, and the umpire Lilliard be required to reassemble in Lawrenceburg and each of them required to sign a copy of the award filed with the petition; and further praying judgment against Holt on the award thus signed by the arbitrators for the sum of $5,518.70 with interest.

After overruling the objection of the defendants to the jurisdiction of the court, and special demurrer of the appellees to the petition of Sea, and upon his declining to further plead, dismissed his case, and this appeal results.

Copies of the arbitration agreement and of the award made by the board of arbitration were made part of the petition. The written award does not state that the arbitrators disagreed and that the award was made by the umpire. This it should have done, but it is not rendered invalid on this account. Ealen v. Saunders, 2 Ky. Op. 247. Nor does the joining of the arbitrators with the umpire in subscribing the award made by the umpire render it bad, if it is the award of the umpire alone and is in other respects regular. Tyler v. Webb, 10 B. M. 126; Whittaker v. Wallace, 1 R. 271.

It is the contention of appellees that the award is invalid because it runs in the name of the arbitrators as well as the umpire and is signed by Sherwood, one of the arbitrators, and by Lillard, the umpire, thus showing, as it is insisted by appellees, that the award was not that of the umpire alone, but of the umpire and one of the arbitrators. When the arbitrators cannot agree and an umpire has been chosen, it is the duty of the umpire to form his own independnet judgment and award as if he were the sole arbitrator. The original arbitrators should not participate in the hearing or consideration of the case after they disagree, or join with him in making the award; but if they do so, such participation or joinder will not invalidate the award, if it were that of the umpire solely, for it is permissible for the umpire to have the advice and assistance of the arbitrators in a hearing and decision of a case, and because the joinder of the arbitrators may be rejected as surplusage. 5 C. J. 112; Tyler v. Webb,

*supra;* Whittaker v. Wallace, *supra;* Harris v. Honaker, 8 Ky. Op. 287. In the latter case we said:

> "By the terms of the written agreement of the parties to refer to arbitrators the matters in dispute between them, it was only in case of disagreement between the chosen arbitrators that the umpire selected by them was to act, and when such disagreement occurred the parties had a right to a decision of the umpire alone made upon his own responsibility, according to his own judgment. Royse's Admr., et al. v. McCall, 5 Bush 695; Daniel v. Daniel, 6 Dana 93.
>
> "When the arbitrators disagreed, they should have withdrawn from any further participation in the matter, and have left the umpire to make his decision; and the fact of their disagreement, and that the decision was that of the umpire, should have been stated in the written award, which should have been signed by all. Instead of doing this, one of the arbitrators seems to have united with the umpire in making the award, which may be the result of mutual concessions between them instead of being the decision of the umpire alone."

The facts of that case seem to have been very much like the one before us now. In the absence of an averment in the petition to the effect that the award was made by the umpire alone, the court would be warranted in assuming from the written award filed with the petition that it was the joint award of the arbitrators and the umpire. But where the petition declaring upon the award avers that the award evidenced by the paper was made by the umpire alone, and that the arbitrator signed for the purpose of indicating he was a member of the board of arbitration which had disagreed, as shown by the recitation in the award, such presumption will not be indulged. Oral evidence may be introduced to show the facts with respect to who rendered the award; that is, whether it was the umpire alone, or the whole board of arbitrators. In the case of Hill v. Harris, 10 B. M. 124, we said:

> "The award is either made by the arbitrators, or it is the act of the umpire. If it be the latter, it is admitted that it is valid, notwithstanding the arbi-

trators have joined with the umpire, because their approbation, which is manifested by joining with him, does not render his umpirage in any degree less the act of his judgment. If the umpirage be not vitiated by the joining of the arbitrators with the umpire, it is clear that the efficiency of the award cannot be diminished by the fact the umpire has joined with the arbitrators.''

It is said, on page 118 of 5 C. J., the fact that some of the original arbitrators also signed the award does not affect its validity.

We think the averments of the petition were sufficient to constitute a cause of action in favor of appellant Sea against A. L. Holt. But we are of opinion that the appellant was not entitled to have the arbitrators and umpire reassemble to amend their award. The fact that one of the arbitrators signed the award did in no wise affect its validity. Had the arbitrators both signed it as provided by section 72 Kentucky Statutes, it would have only evidenced the fact that they had disagreed, and that the award had been made by the umpire alone.

While appellees objected to the jurisdiction of the court below, and filed a motion to quash the return on process and also filed a special demurrer, these questions were not pressed or relied upon in this court. They are, therefore, waived.

For the error of the trial court in sustaining the general demurrer to the petition and in dismissing the cause when appellant declined to further plead, the judgment must be reversed for proceedings not inconsistent with this opinion.

Judgment reversed.