## No. 2300.

## Wallis, Landes & Co. *v.* W. H. Taylor et al.

1. Mortgages.—No valid mortgage can exist in the absence of the consent of the parties to the contract, nor is the contract, even with consent, consummated until the delivery of the instrument which constitutes its written evidence. Thus, when a failing debtor placed on record a transfer of his stock of merchandise to designated creditors, who were never consulted and were in ignorance of the transfer, one of whom afterwards attached the goods, other creditors who subsequently consented and ratified the transfer acquired thereby no right as against the lien of the attachment.

2. Cases Cited.—Foster v. Perkins, 42 Maine, 168; Oxhard v. Blake, 45 Maine, 602; Day v. Griffith, 15 Iowa, 104; Welch v. Sackett, 12 Wisconsin, 243; Miller v. Blinebury, 21 Wisconsin, 676; Jewett v. Preston, 27 Maine, 400; Maynard v. Maynard, 10 Massachusetts, 456, cited.

Appeal from Grimes. Tried below before the Hon. Norman G. Kittrell.

*T. C. Buffington* and *Davis, Davidson & Minor*, for appellants, that the instrument was a mortgage, cited Jones on Chattel Mortgages, second edition, sections 12, 34; Herman on Mortgages, 39, 296; National Bank of Texas v. Lovenberg, 63 Texas, 506.

That the delivery of the property by Taylor to Meachum was a delivery to Wallis, Landes & Co., they cited Jones on Chattel Mortgages, second edition, section 180, and cases there cited.

That the assent or knowledge of Wallis, Landes & Co. was not necessary to give effect to said mortgage, and that such consent is presumed, they cited Herman on Mortgages, section 67; 11 Wheaton (U. S.), 79 to 99; Tompkins v. Wheeler, 16 Peters (U. S.), 106; Grove v. Brien et al., 8 Howard (U. S.), 429, 440; Halsey v. Whitney, 4 Mason's C. C. R., 206; Wheeler v. Sumner, 4 Mason's C. C. R., 183.

That defendants Bradley and Levy obtained title to the goods, subject, however, to plaintiff's lien, they cited Dalian v. Hollacher, Texas Court of Appeals, Civil Cases, second volume, 475, 476; Sparks v. Pace, 60 Texas, 298.

*Boone & Cobbs* and *Hutcheson, Carrington & Sears*, for appellees, that the instrument must be delivered and the mortgage assented to by the creditors, cited Jones on Chattel Mortgages, second edition, section 104, and authorities there cited; Welch v. Sackett, 12 Wisconsin, 243.

That the delivery of the mortgage to the recorder, or filing it for record, was not sufficient delivery to vest title prior to acceptance of the same, they cited Jones on Chattel Mortgages, second edition, section 106, and authorities there cited; Dole v. Bodman, 3 Metcalf, 139.

That the acceptance by Wallis, Landes & Co., after the attachment, was subject to the attachment, they cited Jones on Chattel Mortgages, sections 104, 113; Hedge v. Drew, 12 Pickering, 141.

STAYTON, ASSOCIATE JUSTICE.  W. H. Taylor signed and filed for record the following instrument:

"THE STATE OF TEXAS, ⎱
  "COUNTY OF GRIMES. ⎰          ANDERSON, Nov. 13, 1884.
  "Know all men by these presents that for and in consideration of value received I, W. H. Taylor, bargain, sell and convey the merchandise in my two houses, situated in Anderson, Grimes

county, Texas, to the undersigned parties to satisfy a part or all of certain claims held by them against me for the following amounts:

| | |
|---|---:|
| Block, Oppenheimer & Co | $1,400 00 |
| Wallis, Landes & Co | 2,000 00 |
| Wm. D. Cleveland | 575 00 |
| I. L. Lyons | 425 00 |
| Kauffman & Runge | 200 00 |
| M. D. Conklin | 30 00 |
| Leo Zander & Henderson | 69 63 |
| Browne Bros | 450 00 |
| Derby & Dey | 305 00 |
| T. Ratto & Co | 39 25 |
| Karl, Kliburg, Kline & Co | 125 00 |
| Jacob Bernstein & Co | 247 00 |

"(Signed)                          W. H. TAYLOR."

The persons named were creditors of Taylor, but there was no agreement or understanding between him and any of them that the instrument should be made, and none of them consented to take under it, or, so far as the record shows, knew that it had been signed and filed with the clerk, until after the creditors Block, Oppenheimer & Co., had brought suit on their claim and caused the merchandise to be attached.

When Taylor signed and filed the instrument he closed up the houses and delivered the keys to an attorney, with intent and instructions to him to hold for the creditors named; but the attorney had no authority whatever to represent the creditors, so far as the record shows. The goods were sold under an order issued in the action brought by Block, Oppenheimer & Co., and they were bought by Calhoun, who subsequently sold them to the defendants, Bradley and Levy.

After the levy of the attachment, Wallis, Landes & Co. consented to take under the instrument, and brought this action against W. H. Taylor to recover the sum due to them from him, and against Bradley and Levy to foreclose the mortgage which they claimed to have under the instrument above copied, or for the value of the property. It was proved that Bradley and Levy had notice of the facts before stated when they bought from Calhoun. The cause was tried without a jury, and judgment ren-

dered in favor of plaintiffs against Taylor for the sum due, but in favor of the defendants, Bradley and Levy.

The only assignment of error questions the correctness of the judgment on the facts claiming that the instrument constituted a valid mortgage. Waiving all question of the right of the appellants, without joining the other parties named in the instrument to maintain this action, did the instrument constitute a valid mortgage? We are of the opinion there is no error in the judgment.

A mortgage, like any other contract, requires the consent of the mortgagor and mortgagee, and it must be consummated by delivery. In the case made, the assent of the creditors was not given. There was no prior understanding or agreement that any mortgage should or would be given until after the attachment had been levied, and we know of no rule by which this subsequent assent could fix a lien on the attached property that would override the lien acquired by the attachment. (Foster v. Perkins, 42 Maine, 168; Oxnard v. Blake, 45 Maine, 602; Day v. Griffith, 15 Iowa, 104; Welch v. Sackett, 12 Wisconsin, 270; Miller v. Blinebury, 21 Wisconsin, 676; Jewett v. Preston, 27 Maine, 400; Maynard v. Maynard, 10 Massachusetts, 456; Dole v. Bodman, 3 Metcalf, 142.)

Had there been an understanding between Taylor and his creditors that a mortgage on the merchandise should be executed for their security the delivery of the instrument to the clerk, under the great weight of authority, would have been a sufficient delivery, for under such circumstances the act of the maker would as fully evidence his intention to consummate the prior agreement as would the delivery of the instrument to the creditors; but until the contract had the assent of the parties, delivery to a person in no way the representative of the creditors could not give validity to it.

It has been held in many cases that in the absence of evidence, the assent of creditors to a general assignment for their benefit, or to a trust deed made and delivered to a trustee, might be presumed, but we know of no case in which an instrument, signed and delivered as was the instrument relied on in this case, has been held to be a valid mortgage. The cases cited by counsel have been examined, and do not sustain the proposition relied on for a reversal in the case before us.

There is no error in the judgment, and it will be affirmed.

Opinion delivered February 25, 1887.                    *Affirmed.*