### H. KEMPNER v. HATTIE ROSENTHAL.
#### No. 6785.

1. **Power of Attorney — Charge.**—A power authorized the attorney "to sell a tract of land consisting of 113 acres in Cooke County, Texas, near Gainesville, known as the Hall tract," etc. The testimony was confused as to what land was indicated. *Held*, that a charge was proper submitting to the jury the issue whether the lands in controversy were included within the power of attorney. See charge approved.

2. **Agency to Collect a Debt.**—An agency to collect a debt means the collection in money; it does not authorize a barter.

3. **Ratification.**—The ratification by the principal of an unauthorized act of the agent relates to the date of such act. This rule obtains between the immediate parties. It does not conclude an attachment levied upon property between the date of the act and the ratification.

4. **Same — Registration of Deed.** — That a deed to the principal for land taken by an agent without authority has been duly recorded will not affect the rights of an attaching creditor fixed by levy before the principal ratified the act.

5. **Parol Evidence to Prove Trust.**—That land deeded to one partner belonged to the firm may be shown by parol evidence to facts showing such trust; that is, by whom the consideration was paid and for what purpose the grantee held it.

APPEAL from Cooke. Tried below before Hon. F. E. Piner. The opinion states the case.

*Davis & Davidson,* for appellant.—1. The court erred in the first clause of his instruction to the jury, in that he left the construction of the power of attorney from Melasky to Goldstein to the jury and in charging that the construction should be according to the purpose and intention of Melasky and not according to the force and reading of the instrument. Reese v. Medlock, 27 Texas, 120; Heirs of Watrous v. McKie, 54 Texas, 65; Lott v. Kaiser, 61 Texas, 665; Dev. on Deeds, secs. 358–363.

2. The court erred in the fourth section of his charge to the jury, in that it told them that the subsequent ratification by Mrs. Rosenthal of the unauthorized act of Wenar, as her agent, in taking the land on her debt instead of money would relate back to original transaction by Wenar, regardless of the intervening attachment. Mech. on Agency, sec. 168; Wallis, Landes & Co. v. Taylor, 67 Texas, 431; Wood v. McCain, 7 Ala., 800; Cook v. Tullis, 18 Wall., 332; Taylor v. Robinson, 14 Cal., 396.

3. The court erred in admitting in evidence parol proof of the claim that the land was partnership of Goldstein & Melasky, because it varied the terms of the deed and power of attorney and contradicted the written agreement of counsel made in the cause that both parties claimed under Melasky. Dev. on Deeds, sec. 840; Hale v. Henrie, 2 Watts (Pa.), 144; Salesbury v. Andrews, 19 Pick., 250; Dunn. v. Bank, 2 Ala., 152; Hutchings v. Dixon, 11 Md., 29; Means v. Church, 3 Watts & S. (Pa.), 303.

*Davis & Garnett,* for appellee.—1. The power of attorney from Melasky to Goldstein being indefinite in the description of the land, but the surrounding facts and circumstances given in evidence to the jury showing with reasonable certainty that the description given in the power embraced and included the land in controversy and no other, the court properly submitted it as a question of fact for the jury whether the

lands in controversy were the same lands as described in the power of attorney. Hughes v. Sandal, 25 Texas, 162.

2. Any question concerning the written power of attorney was immaterial, for the proof clearly showed the land to be partnership property, and sold and conveyed by at least one partner, with the consent of the other, to appellee in payment of firm debts. Andrews v. Brown, 21 Ala., 437; Kinsley v. McCants, 4 Rich. (Law), 146; Land v. Waring, 25 Ala., 625.

3. A partner can, with the consent of his copartner, in payment of a firm debt, sell and convey a title to partnership land whether the legal title is in one or both partners, and upon this theory the charge of the court was correct.

HENRY, ASSOCIATE JUSTICE.—A. Goldstein and G. Melasky were partners, conducting business under the firm name of Goldstein & Melasky. On the 4th day of August, 1887, the firm was insolvent and owed debts to both appellant and appellee. The title to the land in controversy was in the name of G. Melasky, who was then in New York, and had given to his partner Goldstein a power of attorney to "sell a tract of land consisting of 113 acres, in Cooke County, Texas, near Gainesville, known as the Hall land, in the old Peery addition, for such price and on such terms as to him shall seem meet," etc.

The land in controversy consists of four parcels, aggregating 113 acres, lying adjacent to Gainesville. The whole of it was conveyed to Melasky by one Hall, but only a part of it seems to have belonged at any time to Peery.

The appellee was a nonresident of this State, and one Wenar held for collection her debt. On the 4th day of August, 1887, Wenar, for the purpose of saving the debt, agreed to accept a conveyance of the land in controversy to satisfy it. Accordingly a deed correctly describing the land was made by Goldstein in the name of Melasky to Mrs. Rosenthal and delivered to Wenar, who surrendered the notes owned by Mrs. Rosenthal, and on the next day caused the deed to be duly recorded in the county clerk's office. Mrs. Rosenthal does not appear to have been consulted about or to have known of the transaction or to have ratified it until after such right as appellant may possess was acquired. On the 5th day of August, 1887, and subsequent to the record of said deed, appellant caused a writ of attachment against Goldstein & Melasky to be levied upon the land, under which he subsequently purchased it.

This suit was brought against Kempner by Mrs. Rosenthal to remove cloud from her title.

The plaintiff introduced evidence to show that though the title to the land was in the name of Melasky, it in fact was partnership assets of

the firm of Goldstein & Melasky, and that in addition to the power of attorney A. Goldstein had full power and authority from Melasky to sell and dispose of the land in any way that he saw proper and to fully transact all business for Melasky or the firm; and some evidence to identify the land sued for as that mentioned in the power of attorney.

The appellant contends that there was error in the charge of the court, because it left the construction of the power of attorney from Melasky to Goldstein to the jury and directed that the construction should be according to the purpose and intention of Melasky and not according to the terms of the instrument itself, and also that the charge authorized the jury to find for the plaintiff "if Goldstein had verbal authority to sell the land or appropriate the proceeds to the payment of plaintiff's debt, or if the land was partnership property of Goldstein & Melasky and had been conveyed to plaintiff to pay partnership debts, regardless of the recitals in the deed to plaintiff or the power of attorney under which it was made."

The charge complained of reads substantially as follows: "If you believe from the evidence that the power of attorney was executed for the purpose of enabling Goldstein to convey the land described in plaintiff's petition, or any part thereof, and not some other land, then I instruct you that said power of attorney gave to Goldstein full power to sell the land so authorized to be conveyed, but it did not confer upon him the power to barter or exchange said land for other property. If in addition to said power of attorney Goldstein and Melasky were partners, and Goldstein was present and managing the business during Melasky's absence and had his power and authority to sell, manage, and control the partnership property, or Melasky's individual property, then, under the power of attorney, he could sell any lands embraced therein, and could, under verbal authority from Melasky, apply the proceeds to the payment of the firm debts. If you find that the lands in controversy were partnership property of Goldstein & Melasky, and that on said date Goldstein had the said power of attorney, and if you find that the lands described or attempted to be described in said power of attorney were the lands conveyed by Goldstein to plaintiff, and if you find that Goldstein had the entire control and management of said partnership property and authority written or verbal to sell, manage, and dispose of the same, then he had full power to execute said deed to plaintiff in consideration of the canceling and surrender of the notes of the firm."

We think the charge construed the power of attorney for the jury and intended to leave it for them to find whether it related to the land in controversy, as to which there seems to have been some contention. Though the charge was expressed somewhat obscurely, we do not think it likely that the jury could have failed to get from it a correct impression of their duty. The instruction with regard to the authority of

Goldstein to convey the land and appropriate the proceeds if the evidence showed it to be partnership property, was warranted by the evidence and otherwise correct.

The court charged the jury that an agent for the collection of a debt is not authorized to receive in its satisfaction anything but money, and that if Wenar held notes for collection belonging to the plaintiff he could not accept land for them, but that "if he did receive the land in controversy in payment of said notes, and if Mrs. Hattie Rosenthal did ratify and approve said method of paying said notes and agree to receive said land in payment thereof when fully informed of such transaction, then such approval and acceptance on her part would be a ratification of the act of said Wenar in receiving said land in payment, and such acquiescence or ratification on her part would relate back to and constitute a part of the original transaction; and if under these circumstances she accepted the deed made to her on the 4th day of August, 1887, and claimed the land thereunder, it would take effect from its execution and delivery to Wenar, and could not be defeated by the subsequent levy of the defendant's attachment."

This charge is assigned as error. The general rule is that the ratification of an agent relates back to the time of the act. This rule is operative between the parties to the transaction, but it can not be applied so as to defeat the intervening rights of other persons. Whart. on Agency, secs. 77, 78; Cook v. Tullis, 18 Wall., 338; Taylor v. Robinson, 14 Cal., 396; Wood v. McCain, 7 Ala., 800; Ewell's Evans on Agency, p. 74, and note; Wallis, Landes & Co. v. Taylor, 67 Texas, 431.

The fact that the deed had been delivered and recorded can not be held to change or affect the rule. If the acceptance of the land in payment of her debt was made without the consent of Mrs. Rosenthal she was not bound to abide by the result. She could up to the time of her ratification of the transaction have collected her debt, and she could not enjoy that right and at the same time own the land that had been deeded to her only for the purpose of discharging it. There can be no presumed ratification of the act on the ground that it was for her benefit. It can not be conclusively known that it was for her benefit to give up the deed for the land.

It is contended that the court erred in admitting parol evidence of the claim that the land belonged to the firm of Goldstein & Melasky, "because it varied the terms of the deed and power of attorney and contradicted the written agreement of counsel made in the cause." The evidence objected to was a statement made by the witness in general terms, that while the land was deeded to Melasky, "it was in truth and in fact the partnership property of Goldstein & Melasky." If the evidence had been objected to on the ground that the facts constituting the title of the partnership, instead of the mere conclusion of the witness, should be shown, we think the objection should have been sus-

tained, but there was no error in overruling it as made. Notwithstanding the deed was made to one member of the firm, it was competent to prove how and by whom the consideration was paid and upon what trust or for what purpose the grantee held it. While the legal title was in one of the partners, it was proper to admit evidence to prove that the equitable title was in the firm. The written agreement referred to in the objection was an agreement of the attorneys, "that plaintiff and defendant claim the land in controversy under a common source, viz., from and under G. Melasky." We do not think that the agreement was in any sense violated by the admission of the evidence.

We do not deem it material upon this appeal to comment upon other questions mentioned in the briefs of counsel.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 5, 1891.

*Davis & Harris* argued motion for rehearing. Motion refused.