E. BAUMAN ET AL. v. E. S. JAFFRAY ET AL.

No. 198.

**1. Mortgage — Acceptance — Waiver of Lien.**—Where mortgage is executed upon property to secure the payment of a debt, the lien therein provided for does not become fixed so as to be a subject of waiver until the mortgagee has accepted the mortgage, and thereby made it a subsisting contract between the debtor and creditor.

**2. Mortgage to Secure Preferred Creditors — Acceptance by Trustee.**—Acceptance by the trustee in a mortgage will not meet the necessity of and answer for the assent of the beneficiaries.

**3. Election of Beneficiaries to Accept or Reject.**—Where one has the election to accept or reject the terms of a contract, if he once makes an election it is binding upon him, and irrevocable except by the consent of the parties interested.

**4. Same—Attachment as an Election.**—A beneficiary in a mortgage to secure preferred creditors, without accepting thereunder, sued out a writ of attachment and caused it to be levied upon the mortgaged property. *Held*, the beneficiary elected to reject the mortgage when it sued out and levied the attachment, and it could not relieve itself of the legal effect of such election by its subsequent abandonment of the attachment proceeding and offer to accept under the mortgage.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Field, West & Smith* and *Williams & Butts*, for Farmers and Mechanics National Bank of Fort Worth.—1. When E. Bauman executed the deed of trust conveying the property therein described to the trustees for the use and benefit of the creditors therein named, and filed it for registration in the office of the county clerk of Dallas County, the benefits arising under the said deed of trust were offered to all the said creditors therein named; and the offer thereby made was a continuing offer, open for acceptance by any of the said creditors until revoked by the said E. Bauman; and such acceptance, when given, related back to the execution and filing of the said deed of trust, and became a valid and binding contract between the grantor and the accepting creditors, ab initio. 1 Jones on Mort., secs. 85, 540, 541; Bish. on Con., secs. 78, 79; 1 Pars. on Con., 7 ed., 512; 1 Dev. on Deeds, sec. 292; 3 Washb. on Real Prop., 292; Hibbard v. Smith, 67 Cal., 547; Hedge v. Drew, 12 Pick., 144; Hulick v. Scovill, 4 Gilm., 177; Railway v. Bartlett, 3 Cush., 224; Church v. Gilman, 15 Wend., 556; Mitchell v. Ryan, 3 Ohio St., 377; Hendricks v. Scovill, 9 Ill., 177; Canning v. Pinkham, 1 N. H., 353; Buffon v. Gavin, 5 N. H., 71; McTier v. Frith, 6 Wend., 103; Clarks v. Dale, 20 Barb., 61; Eliason v. Henshaw, 4 Wheat., 227, 228.

2. The Farmers and Mechanics National Bank, appellant, by suing out its writ of attachment and causing it to be levied upon a portion of the same property conveyed by the deed of trust, did not waive its right to accept under the deed of trust, nor elect not to accept under it; but so long as the offer of Bauman, the grantor, remained open and unrevoked, appellant had the right to abandon its attachment proceedings and accept under the deed of trust and participate in the distribution of the trust funds according to its terms and provisions. Ins. Co. v. La Croix, 45 Texas, 168; Lovenberg v. Bank, 67 Texas, 444; Jones on Chat. Mort., sec. 565; Bish. on Cont., secs. 792, 799; Phil. on Mech. Liens, secs. 273, 274; 6 Wait's Act. and Def., 714, sec. 27; 1 Pome. Eq. Jur., secs. 395, 461; 2 Story Eq. Jur., 437; Brennan v. Swassey, 16 Cal., 140; Roberts v. Wilcoxson, 36 Ark., 363; Foundry Co. v. Hesse, 103 N. Y., 25; Ripley v. Ins. Co., 30 N. Y., 164; Mely v. Collins, 41 Cal., 663; Prout v. Wiley, 28 Mich., 164; Mason v. Finch, 28 Mich., 282.

3. All the beneficiaries named in the deed of trust executed by Bauman are parties to it, and if they assent to or accept under it, they must do so strictly under its terms and conditions; none of such beneficiaries can claim the right of payment in the order of their acceptance, contrary to the provisions of the deed of trust; nor can they in any way alter, change, or modify the order of payment fixed by the deed of trust itself, without the consent of all parties to it. They can not accept the deed of trust in part and reject it in part. Wooters v. Smith, 56 Texas, 208; Bish. on Con., sec. 323; 1 Pars. on Con., 7 ed., 507; 1 Jarm. on Wills, sec. 443; Bige. on Estop., secs. 584, 585; Burr. on Ass., sec. 479; 1 Wait's Act.

and Def., 233; Fry on Spec. Per., sec. 271, p. 133; Jacobs v. Miller, 50 Mich., 126, 127; Smith v. Smith, 79 Mass., 530; Pratt v. Adams, 7 Paige, 615; Greene v. Morse, 4 Barb., 332, 342; Wilson v. Clements, 3 Mass., 1.

*Watts, Aldredge & Eckford* and *G. H. Plowman*, for Jaffray & Co. and Ablowich & Co., appellees.—1. The institution of the suit, issuance of the writ of attachment, and levy of the same upon the stock, after the execution of the chattel mortgage, and while the stock was in the possession of the trustee, was a waiver of the appellant's right to claim under said chattel mortgage. Evans v. Warren, 122 Mass., 308; Whitney v. Farear, 51 Me., 418; 2 Jones on Chat. Mort., sec. 746; Cochran v. Rich, 142 Mass., 15.

2. An election between remedies, when once made with full knowledge of all the facts, is final and irrevocable; and when with full knowledge of all the facts appellant brought suit and attached the stock, it thereby elected to claim against the mortgage, and that election is final and irrevocable. O'Bryan Bros. v. Glenn Bros., 91 Tenn., 106; Bish. on Con., secs. 781, 784, 792; Buchley v. Morgan, 46 Conn., 394; Bailey v. Hervey, 135 Mass., 172; Moller v. Tusca, 87 N. Y., 166; Rodermand v. Clark, 46 N. Y., 354; Morris v. Bedford, — N. Y., 552; Butler v. Hildreth, 5 Metc., 49; Dibble v. Sheldon, 10 Blatch., 178; Floyd v. Brown, 1 Rawle, 121.

An election is binding, although the court in which the suit was brought had no jurisdiction of the cause of action. Neild v. Benton, 49 Mich., 53; Barney v. Killmer, 44 Am. Dec., 110; Fowler v. Bank, 113 N. Y., 450; Hatchett v. Blenton, 72 Ala., 423; Allyn v. Willis, 65 Texas, 72.

3. By its acts and statements appellant induced appellees to an irrevocable acceptance under the mortgage; appellant relied upon its attachment lien and not upon the mortgage; and appellant will not be heard to now reverse its position, abandon its attachment, and claim under the mortgage. Farewell v. Myers, 59 Mich., 179.

*S. L. Samuels*, for Ablowich & Co., appellees.—The writ of attachment was actually levied, and constituted an election not to accept under the deed of trust, and was conclusive on the appellant. O'Bryan v. Glenn, 17 S. W. Rep., 1030; Furman v. Fisher, 94 Am. Dec., 210, 213; Farquhar v. McDonald, 2 Heisk., 419; Lockhart v. Wyatt, 44 Am. Dec., 481, 482; Iselen v. Heinlein, 16 Abb. N. C., 73; Eppright v. Kaufman, 90 Mo., 25; Valentine v. Decker, 43 Mo., 583; Tennant v. Stoney, 44 Am. Dec., 213; Geisse v. Beall, 3 Wis., 367; Fellows v. Greenleaf, 43 N. H., 421; Jefferis' Appeal, 33 Pa. St., 40; Wright v. Zeigler, 70 Ga., 512.

FINLEY, ASSOCIATE JUSTICE.—1. On December 7, 1891, E. Bauman executed a chattel mortgage conveying his stocks of goods, situated in Dallas and Fort Worth, to J. B. Simpson and E. M. Reardon as trustees,

to secure certain of his creditors, whom he divided into two classes, preferring class A to class B.

2. On December 8, 1891, the B. C. Evans Company, a creditor embraced in said mortgage in class B, sued out an attachment against E. Bauman, placed the same in the hands of the sheriff, and he at once levied the same upon a portion of the stock at Fort Worth embraced in the mortgage. On the same day, with full knowledge of the mortgage, having examined it, appellant the Farmers and Mechanics National Bank of Fort Worth, whose debt was $25,000, a creditor, and which debt was embraced in class A in said mortgage, also sued out an attachment against said Bauman, placed said writ and an indemnity bond in the hands of the sheriff who had made the levy for the B. C. Evans Company, and was at the time taking an inventory of the goods.

3. The evidence was conflicting as to the instructions given the sheriff by appellant's attorney at the time the writ was placed in his hands, and the issue was made whether the sheriff actually made a levy upon the stock of goods under appellant's writ. The evidence was sufficient before the trial court to warrant the conclusion that appellant's attorney directed the writ to be levied, and that the sheriff did levy the writ upon said stock of goods; and we feel constrained in support of the judgment to so conclude.

4. Appellees, who were creditors embraced in class B, on learning of the attachment proceeding, regarded it as an election by the Farmers and Mechanics National Bank to reject the terms of the mortgage, and believing that if that debt was left out, there would be sufficient property for them to realize something on their debts, they accepted the mortgage. The property conveyed was not sufficient to pay all the debts secured by the mortgage, but was sufficient to pay a per cent upon appellees' debts, if appellant be left out.

5. On December 12, 1891, appellant abandoned its attachment, directed the sheriff to return the writ not executed, and for the first time manifested its intention of acceptance of the mortgage by notifying the trustees that it accepted the mortgage.

6. On December 18, 1891, E. S. Jaffray & Co. and others, as plaintiffs, filed their petition in the District Court of Dallas County, Texas, for the removal of the trustees, J. B. Simpson and E. M. Reardon, and for the appointment of a receiver to take charge and administer the property conveyed by the deed of trust. The defendants in the suit were E. Bauman, who executed the deed of trust, Simpson and Reardon, the trustees, and all the creditors named as constituting class A. Aside from the allegations made by plaintiffs showing their interest in the deed of trust as the owners of the said debts included in class B, as therein set forth, said plaintiffs alleged that they had accepted under the said deed of trust, and set forth various grounds for the removal of the trustees and the appointment of a receiver. Plaintiffs alleged, that since the

·execution of the deed of trust, B. C. Evans Company, a creditor of the said Bauman, secured by said deed of trust in the payment of a debt included in class B, and the Farmers and Mechanics National Bank, appellant, which was secured in the payment of a debt included in class A, had refused to accept under said deed of trust, and had repudiated the same, and had instituted suit against the said Bauman, each for the amount of the debt due it, and had secured the issuance and levy of writs of attachment against the said Bauman; that said writs of attachment had been levied upon a portion of the property conveyed by said deed of trust, and that the said B. C. Evans Company and the Farmers and Mechanics National Bank were causing the said property to be held adversely to the said trustees.

7. The Farmers and Mechanics National Bank filed an answer in said cause on December 21, 1891. Said bank adopted the demurrer, pleas, and answer of the trustees, J. S. Simpson and E. M. Reardon, its co-defendants, and denied that it had taken possession of any part of the property conveyed in the said deed of trust, or in any way interfered with or molested or hindered the said trustees from carrying out and discharging the trust imposed upon them, and alleged that it had notified the said trustees of its intention to accept the deed of trust and all benefits accruing under it.

8. On December 23, 1891, the said trustees were removed, and B. Blankenship was appointed receiver, and qualified as required by the orders of the court.

9. On January 1, 1892, said receiver reported sales of property and receipt of proceeds amounting to about $165,000. The court confirmed the sale, and afterward ordered the receiver to pay 90 per cent of the debt due each creditor in class A, excepting only the debt due the Farmers and Mechanics National Bank, appellant.

10. On January 11, 1892, appellant filed in said cause its application to the court for an order directing said receiver to pay its proportionate part, or 90 per cent, of the debt due it.

On January 8, 1892, appellant filed its first amended application for the payment of its proportionate part of the fund secured to be paid to it by the said deed of trust. Appellant alleged, that the said Bauman was indebted to it in the sum of $25,000, setting forth the particulars of such indebtedness; that the payment of said indebtedness was secured by the terms and provisions of said deed of trust executed by the said Bauman, as herein before stated; that appellant was and ever had been ready and willing to accept under the terms of the said deed of trust; that under the orders of the court, 90 per cent of all debts included in class A and secured by said deed of trust had been paid, except appellant's debt, etc. No pleadings in opposition to appellant's application and amended application were filed in the court below.

11. On January 30, 1892, the court overruled the said application, holding that the same was not well founded in fact and law, and found that appellant had waived all right to any portion of the said trust fund, and had elected not to accept and take under the said deed of trust. From this judgment this appeal is taken.

*Opinion.*—It is complained by assignments of error, that the trial court erred in holding that the issuing and levying of the writ of attachment upon the property conveyed by the mortgage was an election not to take under the mortgage. In support of this assignment, the legal proposition is asserted, that the issuance and levy of a writ of attachment by the mortgagee upon personal property mortgaged to him to secure his debt is not a waiver of his mortgage lien, and he is not estopped to foreclose or claim under his mortgage. Quite a number of pertinent and respectable authorities are cited in support of the legal proposition announced. Among them is the case of Howard v. Parks, 1 Texas Civil Appeals, 603. These authorities deal with the question only of what constitutes a waiver of a fixed, subsisting contract lien given for the security of a debt, or an estoppel to its enforcement. Under our view of this case, that question does not arise, and it is unnecessary for us to give our views upon it.

Where a mortgage is executed upon property to secure the payment of a debt, the lien therein provided for does not become fixed, so as to be a subject of waiver, until the mortgagee has accepted the mortgage and thereby made it a subsisting contract between the debtor and creditor. 1 Cobbey on Chat. Mort., sec. 413.

Such mortgage is a contract between the debtor and creditor, and it can not possess the legal elements of a contract until the creditor assents to its terms so as to be bound by them.

In Wallis v. Taylor, 67 Texas, 431, it is held, that where a failing debtor executes a transfer of his stock of merchandise to certain designated creditors, who did not procure or know of its execution, and placed the same upon record, that it did not become effective until accepted by such creditors. And a creditor who seized the property under attachment, before such acceptance, it was held obtained a prior lien upon the property. In that case the instrument was executed to the creditors directly, and the property was turned over to a third party, who had not been previously authorized to represent them, to hold in trust for them. In the case before us the conveyance was not made to the creditors directly, but to trustees for their benefit, and it is urged that the acceptance by the trustees enured to the benefit of the creditors named as beneficiaries, and that their acceptance should be presumed, so as to give the instrument effect as a mortgage. Baldwin v. Peet, 22 Texas, 722, and a number of other Texas cases are cited as sustaining this theory.

In Alliance Milling Company v. Eaton, Guinan & Co., decided by our

Supreme Court February 8, 1894 [86 Texas, 401], Mr. Stayton, Chief Justice, in discussing this very point, referring to the case of Wallis v. Taylor, 67 Texas, 431, says: "The only difference between that case and this, is that in this the instrument confers power upon a third person to sell the mortgaged property and apply the proceeds as therein directed, while in the former case the power was to be exercised by the creditors named. Both instruments would have created mortgages if consummated, and to hold that the assent of the real parties in interest was not essential in the one case, and essential in the other, would be to disregard substance and give effect to form. To hold that delivery to and acceptance by the person on whom power to sell is conferred will bind the beneficiaries named in such instrument, in the absence of some prior agreement, is to hold that one person may be bound by the act of another not authorized to act for him."

This opinion discusses the question fully, reviews the decisions, and authoritatively settles the proposition, that acceptance by the trustee in a mortgage will not meet the necessity of and answer for the assent of the beneficiaries. In the light of these authorities, we must hold that at the time appellant's attachment was levied, it not having accepted the mortgage, no lien existed in its favor upon the property by virtue of the mortgage.

This brings us to the question, whether the levy of the attachment upon the property embraced in the mortgage should be held a final, irrevocable election by the bank to refuse its assent to the mortgage. "The election, if made with knowledge of the facts, is in itself binding. It can not be withdrawn without due consent, although it may not have been acted upon by another by any change of position." Bige. on Estop., 5 ed., 673. "One entitled to a benefit under an instrument, whether it be a will or any contract, if he claims the benefit of such instrument, he must abandon every right the assertion whereof would defeat even partially the provisions of the instrument. A party can not occupy inconsistent positions, but will be confined to his election." Herm. on Estop. and Res. Jud., ed. 1886, 1177. "In cases of an election, the rule is, if a person determines his election it shall be forever determined." Turnpike Co. v. Turnpike Co., 2 Swan, 282. "An election once made binds the party; he is now too late to take the alternative." Bish. on Con., sec. 784.

It seems to be the settled rule, that where one has the election to accept or reject the terms of a contract, if he once makes an election it is binding upon him, and irrevocable, except by the consent of parties interested.

By the levy of the writ of attachment the goods which were conveyed to the trustees were seized, the trustees deprived of possession and control, for the purpose of having them sold under judicial process, and applied solely to appellant's debt. Had the attachment proceeding been

prosecuted to a successful termination, it would have defeated the intention of the mortgagor as expressed in the instrument, to the extent of the property taken under attachment. It is difficult to conceive of a more unequivocal way to express one's dissent from such a conveyance than that of suing upon the debt, taking out the harsh writ of attachment, and under it seizing the property and taking it from the hands in which it had been placed, and undertaking to have it disposed of by a power and in a manner different from that provided in the mortgage. Had the bank simply declared in words that it would not accept under the mortgage, such an expression of election would have left the trustees in an attitude where they might have proceeded to execute the trust as to the other beneficiaries. But the expression of election contained in the attachment proceeding went further, and declared that the trustees should not execute the trust at all, so far as the property attached was concerned. In this instance "actions speak louder than words."

In our opinion, the bank elected to reject the mortgage when it sued out and levied the attachment upon the mortgaged property, and it could not relieve itself of the legal effect of such election by its subsequent abandonment of the attachment proceeding and offer to accept under the mortgage. Lockhart v. Wyatt, 10 Ala., 231; Furman v. Fisher, 4 Caldwell (Tenn.), 626; O'Bryan v. Glenn, 91 Tenn., 106; Kemp & Buckley v. Port, 7 Ala, 138; Marston v. Coburn, 17 Mass., 454; Bish. on Con., sec. 783; Evans v. Warren, 122 Mass., 303.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered February 21, 1894.

Motion for rehearing overruled March 21, 1894.

Writ of error refused by the Supreme Court April 5, 1894.