ROLLA BRAY, Respondent, v. JOHN W. RIGGS,
Appellant.

**Kansas City Court of Appeals, February 6, 1905.**

1. **TRIAL AND APPELLATE PRACTICE: Conflicting Evidence:
   Proper Instructions.** Where the evidence is conflicting and the
   instructions so clearly and fairly present the theory of each
   party that the jury cannot misunderstand the issues, the ap-
   pellate court cannot interfere.

2. ————: **Evidence.** Certain objections to the admission of evi-
   dence are reviewed and where the record permits the appellate
   court to consider the same the action of the trial court is ap-
   proved.

3. **REAL ESTATE BROKER: Commission: Assignment: Splitting
   Demand.** Plaintiff, a real estate broker, told another broker of
   his contract with a landowner and promised such broker one-
   half of the commission if he would secure a proper purchaser,
   which he did. *Held*, this was not an assignment of a part of
   the plaintiff's cause of action so as to split the demand.

Appeal from DeKalb Circuit Court.—*Hon. A. D.
Burnes*, Judge.

AFFIRMED.

*Kendall B. Randolph* for appellant.

(1)   The court erred in overruling defendant's
objections to the testimony of the plaintiff as to con-
versations between himself and William Dice.   Also in
permitting plaintiff's witness Dice to testify to conver-
sations with plaintiff.   O'Neil v. Crain, 67 Mo. 250;
Hall v. Jennings, 87 Mo. App. 634.   One objection to
that class of testimony was sufficient.   Schierbaum v.
Schemme, 157 Mo. 1; Krueger v. Railroad, 94 Mo. App.
458.   (2)   The court erred in giving plaintiff's instruc-
tions.   Cameron v. Hart, 57 Mo. App. 142; Evers &

Hunt v. Shumaker, 57 Mo. App. 454; Mack v. Schneider, 57 Mo. App. 434; Voegeli v. Granite Co., 49 Mo. App. 650; Carder v. Primm, 60 Mo. App. 423; Feary v. Railroad, 162 Mo. 105; Erwin v. Railroad, 94 Mo. App. 297. (3) All of plaintiff's instructions are in conflict with defendant's instruction numbered four. In Modisett v. McPike, 74 Mo. 648, the court says: "Each instruction must be correct in itself. All must be consistent with each other, and the whole taken together must present but one doctrine." Thomas v. Babb, 45 Mo. 384; Henschen v. O'Bannon, 56 Mo. 289; Stone v. Hunt, 94 Mo. 475. (4) The verdict is against the law. There is no right of recovery in the plaintiff under the law. He had assigned to Dice verbally a one-half interest in his contract with defendant. Plaintiff was therefore neither the real party in interest, nor was he the trustee of an express trust. R. S. 1899, secs. 540, 541.

*Hewitt & Blair* for respondent.

(1) The first error assigned by the appellant is a misrepresentation of the trial court and the record. (2) There was ample testimony upon which to base plaintiff's instructions. (3) Instructions were proper. Childs v. Crithfield, 66 Mo. App. 426; Henderson & James v. Mace, 64 Mo. App. 393. The rule as announced is too well settled in this State. Lemon v. Lloyd, 46 Mo. App. 452; Gelatt v. Ridge, 117 Mo. 553; Crone v. Trust Co., 85 Mo. App. 607; Taylor v. Parr, 52 Mo. 251; Wetzell v. Wagoner, 41 Mo. App. 509. (4) There is no conflict between plaintiff's and defendant's instructions. The theory upon which the case was tried by both parties and every phase of the evidence was put fairly and squarely before the jury by both sets of instructions, and the jury, being the judges of the evidence, the weight of the evidence, and the credibility of the witnesses, found for plaintiff and

the court should not disturb the finding. The verdict is for the right party. Garche v. Deane, 40 Mo. 168; Jones v. Poundstone, 102 Mo. 240; Norton v. Paxton, 110 Mo. 456.

ELLISON, J.—Plaintiff instituted this action to recover of defendant five hundred dollars alleged to be due as commission for the sale of defendant's farm. Plaintiff prevailed in the trial court.

The evidence in behalf of plaintiff in support of the verdict tended to show that defendant was the owner of a farm of 170 acres in DeKalb county and that he agreed with plaintiff to pay him as a commission all over the sum of $50 per acre for which the farm might be sold. That afterwards plaintiff, through one Dice, procured a purchaser named Cornelius who bought the farm for a sum amounting to $500 more than $50 per acre. There was no dispute that defendant received from Cornelius the price stated. But there was evidence in his behalf which tended to contradict the evidence for plaintiff in essential particulars. That controversy of fact was determined by the jury and we must find some reason in the conduct of the trial for a reversal, else the judgment should be affirmed.

All of the instructions asked by defendant were given and we have no complaint on that score. Those for plaintiff are each objected to, but an examination of them fails to disclose any fair ground of criticism. The instructions entirely present the case from the standpoint of each party so fully, clearly and fairly that the jury could not have misunderstood the issues of fact upon which a verdict was to be rendered. [Gelatt v. Ridge, 117 Mo. 553; Tyler v. Parr, 52 Mo. 249; Lemon v. Lloyd, 46 Mo. App. 452; Crone v. Trust Co., 85 Mo. App. 601.]

There are many objections to the admission and exclusion of testimony and they, too, we believe to be

not well. taken. We are referred to pages of the abstract in support of some of these criticisms of the action of the court and find that no objection or exception was taken. In other instances objections were made by defendant and sustained. However, in other instances objections were duly made and being overruled, exception was taken, but in these we do not regard that any error of substantial moment was committed. Some of these will be embraced in what we shall say in reference to another branch of the case.

There are twenty-two separate and distinct points of objection assigned by defendant as grounds for reversal of the judgment; and some of these are variously subdivided. It is not practical within the limits of an opinion to set out in detail our reasons for believing them to be not well taken. As a cause for such extended objection it is suggested that the verdict is so much against the weight of the evidence that objections, which otherwise might be considered technical, made to matters which otherwise might be considered harmless, became necessary and important. An examination of the evidence has not impressed us that this is true. The evidence tended strongly to show the contract with plaintiff as already stated. That plaintiff told Dice of his contract with defendant and engaged him to assist him in procuring a purchaser for the land, agreeing to give Dice one-half the commission if the latter succeeded. The jury have found that Dice was the procuring cause of the sale which defendant made to Cornelius. The jury had abundant ground to so find. They might have found the other way and have been supported by evidence, yet finding as they have, we are not authorized to interfere.

2. But among defendant's objections is one that plaintiff by his agreement with Dice, assigned a part of his account or contract with defendant without the latter's consent; and that he, therefore, should not re-

cover. We have already said that plaintiff stated to Dice his contract with defendant and agreed that if he, Dice, would find a proper purchaser that he, plaintiff, would divide with him the commission defendant had agreed to pay. This was not an assignment of a part of a cause of action. It is an agreement commonly made among real estate agents and it in nowise affected plaintiff's claim to the whole commission.

Upon the whole record we are satisfied that no error was committed by the trial court which in anywise affected the merits of the action (Berkson v. Railroad, 144 Mo. 211), and the judgment is accordingly affirmed. All concur.