ROSA BANHOLZER, Appellant, v. GRAND LODGE A. O. U. W., Defendant; GEORGE BANHOLZER et al., Interpleaders, Respondents.

Kansas City Court of Appeals, June 18, 1906.

BENEFIT SOCIETY: Assignment Certificate: Executory Agreement. The beneficiary in a benefit society entered into an agreement with her deceased husband's heirs whereby she agrees "to divide said sum when received in the following manner, etc." *Held,* it was no present transfer and the heirs' rights

119 App.—12

were not to attach until some future time and the contract was
merely executory, since to make an assignment even in equity
the assignor must not retain any control over or power to
collect the fund and the fund holder can only safely pay and is
compellable to pay to the assignee though the assignor for-
bid.

Appeal from Jackson Circuit Court.—*Hon. Henry L.
McCune*, Judge.

REVERSED AND REMANDED (*with directions*).

*Omar E. Robinson* and *Halbert H. McCluer* for ap-
pellant.

(1)   The evidence did not establish a change of the
beneficiary.   Coleman v. Knights of Honor, 18 Mo. App.
193; Head v. Council of Catholic Knights, 64 Mo. App.
213; United Workmen v. Ross, 89 Mo. App. 621, 90 N.
Y. Supp. 47; McLaughlin v. McLaughlin, 104 Cal. 177;
Broom v. Grand Lodge, 57 Atl. 176.   (2) The pretended
assignment was invalid.   Ford v. Garner, 15 Ind. 298;
Wyman v. Snyder, 112 Ill. 98; Chrisman v. Russell, 14
Wall. 69; Whittle v. Skinner, 23 Ver. 531; Feamster v.
Withrow, 9 W. Va. 296; Christmas v. Griswold, 8 Ohio
St. 558; Bank v. Beal, 54 Fed. 577; Cushing v. Chapman,
115 Fed. 239; Baderow v. Trust Co., 74 Fed. 925; Foss
v. Cabler, 105 Iowa 732; Sterns v. Ins. Co., 124 Mass.
63; Williams v. Ingerson, 89 N. Y. 518; Loomis v. Rob-
moore, 76 Mo. 488; Pearce v. Roberts, 27 Mo. 179; Kim-
ball v. Donald, 20 Mo. 577; Bray v. Riggs, 110 Mo. App.
630.

*W. O. Cardwell* and *E. E. Chesney* for respondents.

(1)   A debtor consents to an assignment of part of
his debt by default when sued, or by not making points
against it, by asking an order for interpleader.   Wil-
liams v. Ingersoll, 89 N. Y. 520; People v. Tioga Co., 19
Wend. 73; Bank v. Noonan, 88 Mo. 372, 14 Mo. App. 243;

Johnson Co. v. Bryson, 27 Mo. App. 343, 349; James v. Newton, 142 Mass. 266; Kingsbury v. Burrill, 151 Mass. 199; Beardslee v. Mergner, 4 Mo. App. 139; Bank v. McLoon, 73 Maine 498. (2) The member of a benefit society has as against any one named as his beneficiary an absolute right at any time in any way to change his beneficiary (however his right as against the society may be by contract limited) whenever he pleases and for any reasons, at his will. St. Louis etc. v. Strode, 77 S. W. 1095, 103 Mo. App. 694; Mas. etc. v. Bunch, 109 Mo. 579; Marsh v. S. C. etc., 21 N. E.. 1072; Jory v. S. C. etc., 38 Pac. 525; Adams v. G. L. etc., 38 Pac. 914, 105 Cal. 321; Suncoke v. G. L., etc., 51 N. W. 9; Lahey v. Lahey, 66 N. E. 67; Lockett v. Lockett, 80 S. W. 1152; Manning v. A. O. U. W., 8 S. W. 385, 86 Ky. 136; Isgrigg v. Schooley, 125 Mo. 94.

ELLISON, J.—This proceeding was begun by the plaintiff bringing her action against defendant on a benefit certificate issued to her husband wherein she was named as the beneficiary to receive two thousand dollars at his death. The defendant being advised of conflicting claims to the sum, answered by confessing that it owed the money to some one by reason of the death of said Vincent Banholzer, but on account of the conflicting claims thereto asked that it be allowed to pay the sum into court and that the claimants be required to interplead for the same. The requisite orders were made and the money paid into court. The court found for interpleaders and plaintiff, in due time, perfected her appeal.

The plaintiff was Vincent Banholzer's second wife. He had four children by his first wife, who are the interpleading claimants to the money in controversy. They are all of age and their names are George, Vincent, and Edward Banholzer and Kate Wennen. The deceased received a benefit certificate in the year 1890, wherein he had the plaintiff named as beneficiary. He died on the

first day of May, 1904. For some time prior to his death he and plaintiff had not lived together and she had brought an action of divorce from him, which was pending at his death. It was shown that a short time before his death he desired to change the beneficiary in the certificate from the plaintiff to his son Edward, and he so wrote to one of defendant's officers. But as this plaintiff had the certificate in her possession, he could not surrender it. Defendant's by-laws required certain specific mode of procedure in case of a change of beneficiary and the issuance of a new certificate in the name of the new beneficiary; and such by-laws provided for a change, and the specific mode of change, in cases where the old certificate could not be surrendered, as in this case. There was a correspondence between the deceased and defendant's agent as to the procedure whereby the change might be made from plaintiff to his son Edward, and proper papers were prepared by defendant to be sent to deceased for execution as directed. Before they reached him he died, and consequently they were never executed and a new certificate was not issued.

The plaintiff attended the funeral of deceased on the third of May. She stated that while returning from the funeral deceased's son, Vincent, told her that as she had sued deceased for divorce she had no claim to the certificate nor right to the fund; and that, believing this to be true, she agreed with him that when she received the money thereon she would divide it into fifths, she to retain one-fifth and that each of the four interpleaders should have one-fifth. On the next day, May 4th, she and Vincent went to the office of her attorney who had brought her suit for divorce and got him to write the following agreement, Vincent signing his own name and that of his brothers and sister Kate, viz:

"Know all men by these presents that I, Rosa Banholzer, of Kansas City, Missouri, being the widow of Vincent Banholzer, late of Kansas City, Missouri, who died in said city on the 1st day of May, A. D. 1904, and

being the beneficiary named in a policy of insurance issued by the Ancient Order of United Workmen, of date May the 27th, A. D. 1890, by Sandstone Lodge, of Warrensburg, Missouri, and the said Vincent Banholzer, the name in said policy being spelled Vincent Benholzer, being the father of four children by a former marriage; their names being George Banholzer, Vincent Banholzer, Kate Wennen, formerly Kate Banholzer, and Edward Banholzer, all of said children being of legal age, and all resident of Missouri, except the said Kate Wennen, who resides at Missoula, Montana, and being desirous of seeing the said children receive a portion of the said insurance money, the amount thereof being two thousand ($2,000), do hereby in consideration of the love and affection I bear them and of the further consideration of an amicable and peaceable adjustment of my said claims against the said insurance company, agree to divide the said money when received, in the following manner, to-wit:

"I agree that each of the aforesaid children of deceased, by his former marriage, shall have one-fifth of said insurance money and one-fifth thereof shall be taken by me in full of all my claim thereto and in full satisfaction of my interest therein. It is also understood that this settlement meets with the full approval of said children and heirs of said deceased, and that I am also to bear one-fifth of the burial expenses, less $131 belonging to said deceased, of said Vincent Banholzer, the said heirs of my said husband the remaining four-fifths; and any and all expenses incurred or to be incurred in the settlement of my said claims and insurance money by and between the parties hereto, shall be borne in the same proportion, each of said parties hereto bearing one-fifth of the same. Dated May 4, 1904."

The trial court held this to be an assignment of one-fifth interest to each of the four interpleaders and so decreed. The prayer of the interpleaders was in the alternative, viz., that they be decreed to be entitled to four-

fifths of the fund as per the contract; or, if the contract was considered not to be binding that they have the whole fund. The trial court very properly refused to decree to interpleaders the whole fund, since there is no pretense that the deceased intended to make any division of interest in the certificate. The whole evidence on the subject of his desired and intended change was that the new beneficiary should be his son Edward and that the new certificate should be issued to him. There was nothing to show that the other interpleaders had any right.

The theory upon which interpleaders' case has been put and upon which the decree must be sustained if approved at all, is that the money due from defendant legally belonged to plaintiff and that she for a valuable consideration had assigned one-fifth to each of the interpleaders. After full consideration of arguments made at the hearing by the respective counsel, including elaborate briefs, we have concluded that the agreement above set out, as an assignment, is not such, but that it is merely an executory contract to assign. It recites that the plaintiff is the beneficiary in the certificate in controversy and that she was "desirous of seeing the said children receive a portion of said insurance money, the amount being two thousand dollars, do hereby in consideration of the love and affection I bear them and of the further consideration of an amicable and peaceable adjustment of my said claims against the said insurance company, *agree to divide the said money when received* in the following manner, to-wit," etc. Evidently, the contract contemplated that the money was plaintiff's which was to be paid to her, *when* and *whereupon* she agreed to make a certain division. There was no present transfer. The specific right of each of interpleaders was not to attach or become complete until a future time. It was not an assignment, either legal or equitable. [Kimbal v. Donald, 20 Mo. 577; Bray v. Riggs, 110 Mo. App. 630; Foss v. Cobler, 105 Iowa 731; Stearns v. Ins. Co., 124 Mass. 61; Williams v. Ingersoll, 89 N. Y. 518; Christmas v. Rus-

sell, 14 Wall. 69; Ford v. Garner, 15 Ind. 298; Feamster v. Withrow, 9 W. Va. 296; Christmas v. Griswold, 8 Ohio St. 558.] It was said by the Supreme Court of the United States in Christmas v. Russell, supra, that to make an assignment, even in equity, the assignor must not retain any control over the fund, or any power to collect; and that the transfer must be of such a character that the fund holder can safely pay, and is compellable to do so, though he was forbidden by the assignor.

The interpleaders' case must fail from another consideration; there was no evidence of any authority on the part of Vincent to execute the contract for his brothers and sister. There is nothing in the suggestion that the agreement itself reads that it is made with the approval of the said children. To be a binding agreement it must bind both parties and it cannot bind a party who is not shown to have executed it. We do not regard the suggestions in interpleaders' supplemental brief as preventing plaintiff from making the point; though, from our conclusion already stated it was not necessary.

The judgment will be reversed and the cause remanded with directions to the circuit court to enter judgment for the plaintiff. The other judges concur.