## MITCHELL v. SCOTT. (No. 2179.)

Court of Civil Appeals of Texas. El Paso.
Sept. 27, 1928.

On Motion to Postpone Action on Motion for Rehearing Oct. 25, 1928. Rehearing Denied March 14, 1929.

C. W. Croom, of El Paso, for appellant.
Harrison & Scott, of El Paso, for appellee.

HIGGINS, J. Appellee Scott sued William Jessen and recovered judgment for $673.83. A writ of garnishment was sued out against appellant, Mitchell, and served February 16, 1928. Appellant answered in the negative the matters inquired of in the writ, which answer was controverted. Upon trial without a jury, judgment was rendered in Scott's favor for the sum above mentioned.

While we do not agree with the conclusion of law upon which the trial court based its judgment, nevertheless the judgment rendered is correct upon the undisputed facts.

At the time the writ was served, Jessen, doing business as the El Paso Engineering Company, was installing a refrigerating plant for Mitchell, which was completed subsequent to the service of the writ, and there remained a balance of $1,238.50 due for installing such plant, which amount was paid by Mitchell to Glen Lewis by check on February 24, 1928.

Mitchell seeks to justify such payment by virtue of an assignment from Jessen to Lewis as evidenced by a letter dated February 3, 1928, received by Mitchell February 11, 1928, signed by El Paso Engineering Company by W. Jessen, Mgr., addressed to Mitchell, which reads:

"This is to notify you that we have assigned our rights to payment on the Refrigeration Plant, which we are now installing for you, to Mr. Glen Lewis.

"You will therefore, kindly make out check in Mr. Glen Lewis's name and deliver to us upon completion of the installation."

This letter is the only evidence offered of the alleged assignment. Mitchell testified it was brought to him by Jessen. There is nothing to show it was ever in Lewis' possession. Mitchell further testified that, when the installation was completed, he called Lewis up and told him to come and get the check, other than this he had no conversation with Lewis; that Lewis came and got the check. Further, "I did not notify Mr. Lewis right then (referring to the time of the delivery of the letter to him by Jessen) that it had been delivered to me, but when the job was completed I told him to come and get the check."

Lewis testified:

"There has been a letter introduced in evidence signed by El Paso Engineering Company; an order on Mr. Mitchell to pay. me some money, however, that money was not for me. *At that time I had no arrangement with Mr. Jessen.* I had no interest in that money; I acted as secretary for Mr. Stevenson in the transaction. The amount of the check I received from Mitchell was $1228.00. * * * I cashed the check and the money I put in the safe. If I know what happened to it afterwards—well, I considered it a business transaction; the money was placed in there and afterwards deposited in the bank, but I am not sure about that—Mr. Fred Stevenson's account. I did not get a dime of the money. * * * Mr. Stevenson was out of town when that happened and turned everything over to me to handle. *In other words when he is out of town I handle his business and any money for his business;* I look after all transactions pending and to do."

Jessen did not testify, nor did Stevenson. In order for Mitchell to escape liability to Scott for the garnished fund, it was incumbent upon him to show the payment to Lewis was made by virtue of a valid assignment of the fund from Jessen to Lewis prior to service of the writ. The evidence fails so to do in two essential elements of a valid assignment. "An executory agreement to assign or transfer is not an assignment; to constitute a valid assignment there must be a perfect transaction between the parties, intended to vest in the assignee a present right in the thing assigned." 5 C. J. 840.

Mere tentative proceedings in expectation of an assignment do not constitute an assignment; "there must be a present transfer of the assignor's right, a transfer so far complete as to deprive the assignor of his control over the subject of assignment." 5 C. J. 898.

As was said by the Supreme Court of the United States in Christmas v. Russell's Ex'rs, 14 Wall. 69, 20 L. Ed. 762:

"The assignor must not retain any control over the fund—any authority to collect, or any power of revocation. If he do, it is fatal to the claim of the assignee. The transfer must be of such a character that the fund-

holder can safely pay, and is compellable to do so, though forbidden by the assignor."

See, also, Davis & Goggin v. State Nat. Bank of El Paso (Tex. Civ. App.) 156 S. W. 321; Patterson v. Citizens' Nat. Bank (Tex. Civ. App.) 236 S. W. 130; Banholzer v. Grand Lodge, 119 Mo. App. 177, 95 S. W. 953.

■ As has been stated, the quoted letter is the only evidence offered of the alleged assignment. This letter, while it directed Mitchell to make the check in Lewis' name, further instructed Mitchell to "deliver to us." By this latter direction Jessen retained complete control of the fund. For this reason a valid assignment, either at law or in equity, was not shown by the letter.

■ As shown by the testimony of Lewis, he had no beneficial interest in the alleged assignment, and his action in the premises was for the benefit of Fred Stevenson. He assumed the obligation and duty of a trustee. He could not be bound by the contract of assignment without his assent. Alliance Milling Co. v. Eaton, Guinan & Co., 86 Tex. 401, 25 S. W. 614, 24 L. R. A. 369; Wallis, Landis & Co. v. Taylor, 67 Tex. 431, 3 S. W. 321.

■ It does not appear from the evidence the letter was ever in Lewis' possession. It is not shown that he knew anything about the alleged assignment until Mitchell telephoned and told him to come for the check. The only evidence of his assent is his acceptance of the check subsequent to the service of the writ, and cashing same. This late acceptance would not defeat the prior garnishment of the fund. Alliance Milling Co. v. Eaton, Guinan & Co., supra; Kempner v. Rosenthall, 81 Tex. 12, 16 S. W. 639; Wallis, Landis & Co. v. Taylor, supra.

The evidence failing in two essential features to show a valid assignment prior to service of the writ, the judgment should be affirmed. It is so ordered.

### On Motion to Postpone Action on Motion for Rehearing.

Appellant has filed motion for rehearing and a motion setting up that the principal defendant, Jessen, has prosecuted a writ of error from the judgment upon which the present judgment against Mitchell is based; wherefore Mitchell asks that action upon his motion for rehearing herein be postponed until the writ of error in the principal case be disposed of.

In an opinion this day handed down the appeal by writ of error has been stricken from the docket for defects in the return upon the citation in error. We do not know whether Jessen will ever perfect his writ of error. Thirty days is ample time for him to do so. It would not be proper to indefinitely postpone action upon the present motion for rehearing to await Jessen's pleasure in further prosecution of the writ of error.

■ On the other hand, if he does perfect the writ and the judgment in the principal case be reversed, then the present judgment against the garnishee should be likewise reversed, for the latter judgment is dependent upon the former. Rowlett v. Lane, 43 Tex. 274; Madero v. Calzado (Tex. Civ. App.) 281 S. W. 328: New Amsterdam Casualty Co. v. Keith (Tex. Com. App.) 273 S. W. 836; Nesom v. City Nat. Bank (Tex. Civ. App.) 174 S. W. 715.

It is therefore ordered that action upon the motion for rehearing herein be postponed for 30 days. If the writ of error be perfected within that time, action upon the motion for rehearing will be further postponed until final disposition in this court of the writ of error in the principal suit.

### On Rehearing.

In an opinion recently handed down by this court, the judgment obtained by Scott against the principal defendant, William Jessen, was reformed by eliminating an item of $150, and, as thus reformed, the judgment was affirmed.

It is therefore ordered in the present appeal that the judgment obtained by Scott against Mitchell, garnishee, be likewise reformed by eliminating $150 of the recovery by Scott.

With this reformation and modification of our original judgment in the present appeal, the motion for rehearing is overruled.