## RED RIVER NAT. BANK v. SUMMERS.
### No. 3874.

Court of Civil Appeals of Texas. Texarkana.
June 26, 1930.

Rehearing Denied July 3, 1930.

A. L. Robbins, of Clarksville, for appellant.

C. D. Lennox, Jr., of Clarksville, and King, Mahaffey & Wheeler, of Texarkana, for appellee.

LEVY, J. (after stating the case as above).

■ Under the errors as assigned, it is urged by the appellant, in effect, that there had not been such a delivery and acceptance of the deed of trust by the trustee and the beneficiary as to legally pass to J. H. Summers as trustee the rents in suit in superior right thereto of the Red River National Bank which it had acquired upon the foreclosure sale. It is believed there was a sufficient delivery of the deed of trust or mortgage. The deed of trust or mortgage was executed by Mr. Kunkel pursuant to agreement made between him and Mrs. Bledsoe and Mrs. Keller before its execution. Mr. Kunkel was indebted to both of them, and he desired further time for the payment of the indebtedness, and each agreed to extend the time for the payment in consideration of his agreement to give a mortgage on the rents. The deed of trust or mortgage was executed and placed of record before the hour of sale of the real estate by Mr. Kunkel pursuant to this agreement. Mr. Summers was apprised of his appointment and agreed to accept it. There is no question made of fraud in the execution of the instrument, and no claim that what was actually done by Mr. Kunkel about the

execution and delivery of the deed of trust was not in keeping with an agreement previously made between him and Mrs. Keller and Mrs. Bledsoe. They had agreed in advance to accept the mortgage on his rents as security for the debts, and he had promised to execute the same.

The rule is stated in 41 C. J. p. 427, namely: "If the mortgage is made in pursuance of a previous engagement of the parties to place a mortgage on the specific property which the mortgagee has agreed to accept, then the act of the mortgagor in filing it for record in the proper office is a sufficient delivery of it." Wallis, Landes & Co. v. Taylor, 67 Tex. 431, 3 S. W. 321, 322; Ford v. Boone, 32 Tex. Civ. App. 550, 75 S. W. 353; Taylor v. Sanford, 108 Tex. 340, 193 S. W. 661, 5 A. L. R. 1660; Russell v. Beckert (Tex. Civ. App.) 195 S. W. 607. Quoting from the case of Wallis, Landes & Co., supra: "Had there been an understanding between Taylor and his creditors that a mortgage on the merchandise should be executed for their security, the delivery of the instrument to the clerk, under the great weight of authority, would have been a sufficient delivery," etc.

It is believed that the trial court correctly held that there had been a constructive severance of the rent cotton growing on the land, operating to prevent the same from passing to the appellant bank as purchaser at the foreclosure sale. The deed of trust to the bank did not convey the rents on the lands, or any rights to crops. The effect of the deed of trust was merely to create a lien upon the lands as security for the payment of the indebtedness to the bank due it by Mr. Kunkel. Mr. Kunkel had the right to sever the rents before his title was divested by foreclosure, and he had the right to make the severance either actually or constructively. Bowyer v. Bearden, 116 Tex. 337, 291 S. W. 219; Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598.

The judgment is affirmed.